PURNELL AND PURNELL *v.* STATE

[No. 36, September Term, 1965.]

*Decided March 8, 1966.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, OPPENHEIMER and McWILLIAMS, JJ.

*Wallace E. Hutton* for appellants.

*Fred Oken, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Robert S. Rothenhoefer, State's Attorney for Frederick County,* on the brief, for appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

There is little substance in this appeal. An uncle and nephew, represented by competent counsel, pled guilty in the Circuit Court for Frederick County to breaking and entering Yost's Diner. After the plea, Judge Clapp proceeded to take testimony to aid in his determination of the proper sentences to impose. During the course of this testimony, Officer Stafford of the State Police stated that appellants had confessed that they committed the crime to which they had pled guilty, and they also said that, shortly thereafter, they were interrupted in an attempt to break into a store in Brunswick by an officer; whereupon they abandoned their automobile and fled. They took a

truck belonging to Richard Kline without his permission, and returned to their place of residence, Hagerstown, where the truck was abandoned. (Other evidence supported the attempt to break into the store and the abandonment of their car.) Counsel for appellants objected "to this testimony as to any other crime other than the crime for which they are being tried," and the court overruled the objection. The defendants did not testify, and, after a pre-sentence investigation, which disclosed criminal records extending over long periods of time, the court imposed sentences.

The only question for our determination is whether the court committed prejudicial error in overruling the objection. Judge Clapp was not trying the defendants to decide their guilt or innocence; he was taking testimony to assist in deciding the length of their sentences. The testimony received related to defendants' actions over a period of some three hours, which included the commission of the crime to which they had pled guilty.

Appellants' entire argument is based upon a misconstruing of the language used in the opinion in *Walker v. State,* 186 Md. 440, 443, which follows: "Of course, a trial court should not consider [on the question of sentence] mere charges of which a traverser *was acquitted.*" (Emphasis supplied.) This statement has been sound law in Maryland for many years. Appellants contend it means that a court, in determining sentence, may not consider any conduct of an accused which amounts to the commission of a crime, unless the accused has been tried and *convicted* of the offense, but they cite no authority here, or elsewhere, to support such an interpretation. The argument overlooks the vast difference between a mere charge against an accused of which *he has been acquitted,* and conduct which the accused admits (and in the case at bar is strongly corroborated), even though such conduct constitutes a crime for which he has not been tried and convicted. Of course, if a person has simply been accused of crime, and acquitted, the accusation, alone, should not be taken into consideration in sentencing, for the acquittal presumably shows the charge not to have been well founded. But this does not mean that a convicted person's confession of another crime cannot be so uti-

lized. It is almost, if not universally, held that opprobrious or kindly and commendable action on the part of a convict may be considered in sentencing as a matter either of aggravation or mitigation of possible punishment. It would be a strange holding, indeed, to rule that opprobrious conduct not amounting to a crime may be considered in sentencing, but more offensive action cannot, merely because it amounted to a crime of which the convict may, or may not, thereafter be convicted.

We think and therefore hold that Judge Clapp's ruling was within the previous holdings of this Court, and in accordance with the authorities elsewhere. The inquiry into circumstances relevant to the subject of aggravation or mitigation of sentence is not limited by the strict rules of evidence, and the trial judge is invested with wide discretion in determining the sentence to be imposed. *Farrell v. State,* 213 Md. 348, 355; *Walker v. State, supra; Murphy v. State,* 184 Md. 70, 82. Professor Wigmore states the proposition thus: "When the judge proceeds to fix a sentence, in a criminal case, after plea of guilty \* \* \* his inquiry is not limited by the rules applicable to jury trial, in considering circumstances that should affect mitigation or aggravation of the penalty." 1 *Wigmore, Evidence* (3rd ed.) p. 25; Anno: 77 A.L.R. 1211.

> *Judgment and sentence as to each appellant affirmed.*