STATE OF NEBRASKA, APPELLEE, V. CORNELIUS M. CHRISTENSEN, ALSO KNOWN AS DEAN CHRISTENSEN, APPELLANT.

331 N.W.2d 793

Filed March 25, 1983. No. 82-243.

Tad D. Eickman, for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

Defendant-appellant, Cornelius M. Christensen, also known as Dean Christensen, was found guilty upon his plea of such to a charge of third offense driving while under the influence of alcohol, in viola-

tion of Neb. Rev. Stat. § 39-669.07 (Reissue 1978). The offense took place January 29, 1982. The plea was entered and accepted on March 4, 1982, as the result of a plea bargain by which another pending charge of driving while intoxicated, third offense, would be dismissed, and yet another case of driving while intoxicated, in which appellant had been adjudged guilty, would proceed to sentencing. Pursuant to the plea and finding of guilt herein, appellant was sentenced to a term of not less than 20 months and not more than 5 years in the Nebraska Penal and Correctional Complex.

In this appeal appellant contends the trial court erred in refusing probation or a rehabilitative plan, thereby excessively sentencing him; and since the statute under which he was originally charged has been amended by 1982 Neb. Laws, L.B. 568, Neb. Rev. Stat. §§ 28-106 and 39-669.07 (Cum. Supp. 1982), to provide for a maximum period of confinement of 6 months, he should be released.

Defendant devotes portions of his brief and supplemental brief developing the proposition that this court has the power to reduce excessive sentences under the provisions of Neb. Rev. Stat. § 29-2308 (Reissue 1979). The power of this court to so do is not the question; the question is whether the sentence imposed is in fact so excessive as to warrant the exercise of this court's power to reduce it.

The record reveals defendant has a monumentally lengthy prior record, the bulk of which results from behavior related to drinking. It includes at least 10 drunken driving arrests; 5 other driving-related offenses; an aggravated assault, the disposition of which is unknown; and 3 drinking-related violations of probation. Defendant has been "treated" for alcoholism on four different occasions at three different institutions; yet reports from these institutions indicate no real interest or cooperation as regards his dependency on alcohol. In the face of that history, defendant's excessive sentence claim is

fatuous. A sentencing judge is required to have only an open mind, not an empty one. Neb. Rev. Stat. § 29-2260 (Reissue 1979) provides that when a court considers a sentence for a convicted offender, it shall, among other things, consider the offender's delinquency and criminal history. It is one of the most well-settled principles of law in this jurisdiction that there will be no modification of a sentence absent an abuse of discretion. Certainly there was no abuse of discretion by the sentencing judge herein such as worked to the defendant's detriment. Absent such an abuse, the sentence of the trial court is to be affirmed. *State v. Sims, ante* p. 708, 331 N.W.2d 255 (1983); *State v. Komor, ante* p. 376, 329 N.W.2d 120 (1983); *State v. Beckner,* 211 Neb. 442, 318 N.W.2d 889 (1982).

There remains for consideration defendant's urging that his sentence must be reduced in light of the passage of L.B. 568 subsequent to the event in question, relating to third offense drunk driving convictions. This issue was decided adversely to defendant in the supplemental opinions issued in *State v. Peiffer,* 212 Neb. 864, 326 N.W.2d 844 (1982), and *State v. Phillips,* 212 Neb. 875, 326 N.W.2d 849 (1982).

For the reasons set forth in the majority opinions therein, L.B. 568 does not apply to offenses committed prior to its effective date, July 17, 1982.

AFFIRMED.