517 A.2d 1081

**Jerry Oscar SMITH**

v.

**STATE of Maryland.**

**No. 140, Sept. Term, 1985.**

Court of Appeals of Maryland.

Nov. 28, 1986.

**164**

Jose F. Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Valerie V. Cloutier, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and SMITH *, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

MURPHY, Chief Judge.

This case involves a challenge to the admissibility of testimony at a criminal sentencing hearing pertaining to the defendant's alleged participation in an uncharged offense unrelated to the crime for which he was then being sentenced.

### I.

The record reveals that Minnie Burt spent the evening of June 10, 1984, in her former place of employment, a lounge located in Fairmount Heights, Maryland. She left the lounge intending to get a cab to her home in the District of Columbia. A man, whom Burt later identified as Jerry Oscar Smith, offered to drive her to the cab stand and she accepted. However, instead of driving her to the promised destination, Smith drove Burt to a secluded country road

---

* Smith, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

where, at knifepoint, he forced her to engage in sexual relations with him. Smith abandoned Burt in a wooded area after which she made her way to a nearby house and summoned the police. Burt gave the police a description of her attacker's jeep and thereafter identified Smith as her assailant from a photo array. The police apprehended Smith in his jeep on the following day; he had a knife on his person at the time of arrest.

Smith was tried by a jury in the Circuit Court for Prince George's County and found guilty of first degree rape and first degree sexual offense. The trial judge (Chasanow, J.) set a date for sentencing; at this point in the proceedings, the prosecution notified the court and defense counsel of its intention to present the testimony of another woman at the sentencing hearing whom Smith allegedly attempted to rape on the day preceding the attack upon Burt. A letter which included the witness's full name, address and a copy of the police report relating to the uncharged incident was promptly sent to defense counsel.

At the sentencing hearing, Mrs. Willie May Williams testified over Smith's objection that on the evening of June 9, 1984, the car in which she and her husband were riding broke down. She walked to a nearby gas station to secure the services of a tow truck; however, there was no truck on duty. Williams said that Smith was at the station in his jeep and she asked him whether he had jumper cables. Smith responded affirmatively and offered to drive the witness back to her stalled vehicle. Williams told Smith where the disabled car was parked. He then drove to the location of the Williams' vehicle; the witness returned to the vehicle on foot. Attempts to jump-start the car were unsuccessful. Williams testified that Smith said that there was a service station with a tow truck approximately ten blocks away. She then accepted Smith's offer of a ride to the service station. Her husband stayed behind with the disabled car. Williams said that she became suspicious when Smith drove past several service stations and headed toward a wooded area. The witness thereafter jumped out

of the jeep and took refuge behind a tree. Williams said that Smith stopped for a short time, but then drove on.

Smith testified on his own behalf. He admitted driving Williams to a gas station in search of a tow truck. He said that he left the witness at the gas station and did not drive Williams to a wooded area. The court sentenced Smith to two concurrent terms of twenty-five years for the offenses perpetrated against Burt. The judgments were affirmed by the Court of Special Appeals in an unreported opinion. We granted certiorari to consider whether Williams' testimony was properly admitted at the sentencing hearing.

## II.

At the outset we note that "a sentencing judge is vested with virtually boundless discretion." *Logan v. State,* 289 Md. 460, 480, 425 A.2d 632 (1981); *see also Reid v. State,* 302 Md. 811, 819, 490 A.2d 1289 (1985) and cases cited therein. The sentencing judge is accorded this broad latitude to best accomplish the objectives of sentencing—punishment, deterrence and rehabilitation. *Johnson v. State,* 274 Md. 536, 540, 336 A.2d 113 (1975). A sentence should be premised upon both the facts and circumstances of the crime itself and the background of the individual convicted of committing the crime. *Reid, supra,* 302 Md. at 820, 490 A.2d 1289 (citing *Henry v. State,* 273 Md. 131, 150, 328 A.2d 293 (1974)). The strict rules of evidence do not apply at a sentencing proceeding for reasons explicated by the Supreme Court in *Williams v. New York,* 337 U.S. 241, 246–47, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949).

"In a trial before verdict the issue is whether a defendant is guilty of having engaged in certain criminal conduct of which he has been specifically accused. Rules of evidence have been fashioned for criminal trials which narrowly confine the trial contest to evidence that is strictly relevant to the particular offense charged. These rules rest in part on a necessity to prevent a time-consuming and confusing trial of collateral issues. They were also designed to prevent tribunals concerned solely with the

issue of guilt of a particular offense from being influenced to convict for that offense by evidence that the defendant had habitually engaged in other misconduct. A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial."

*See also Bartholomey v. State,* 267 Md. 175, 193, 297 A.2d 696 (1972).

The consideration of a wide variety of information about a specific defendant permits the sentencing judge to individualize the sentence to fit "the offender and not merely the crime." *Williams,* 337 U.S. at 247, 69 S.Ct. at 1083. In that case the Supreme Court approved the trial judge's consideration of a presentence investigation which contained information about burglaries of which Williams had not been convicted, but had either admitted or been identified as the perpetrator. This policy of broad dissemination of information to the sentencing judge was reiterated in *Williams v. Oklahoma,* 358 U.S. 576, 585, 79 S.Ct. 421, 426, 3 L.Ed.2d 516 (1959). There, the Court stated that "the sentencing judge is authorized, if not required, to consider all of the mitigating and aggravating circumstances involved in the crime." In *United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), the Court approved the sentencing judge's consideration of what he believed to be perjured testimony by the defendant at trial. Hence, the Supreme Court has permitted sentencing judges

to consider past conduct which is criminal in nature but which did not result in a conviction.

Consistent with the philosophy espoused by the Supreme Court, Maryland has approved the admission of various types of evidence in sentencing proceedings. In *Purnell v. State*, 241 Md. 582, 217 A.2d 298 (1966), the defendants pleaded guilty to, and were convicted of, breaking and entering a diner. They also admitted to an attempted breaking at another location and to the theft of a truck. The defendants there objected to the sentencing judge's consideration of any offenses for which they had not been tried or convicted. In approving consideration of the confessions to other crimes, the Court noted:

> "It is almost, if not universally, held that opprobrious or kindly and commendable action on the part of a convict may be considered in sentencing as a matter either of aggravation or mitigation of possible punishment. It would be a strange holding, indeed, to rule that opprobrious conduct not amounting to a crime may be considered in sentencing, but more offensive action cannot, merely because it amounted to a crime of which the convict may, or may not, thereafter be convicted." 241 Md. at 585, 217 A.2d 298.

In *Henry v. State*, 273 Md. 131, 328 A.2d 293 (1974), the defendant was convicted of automobile theft and of receiving stolen money; he was found not guilty of murder, assault with intent to murder and armed robbery. In sentencing Henry, the trial judge referred to the circumstances surrounding all of the charges, including those crimes for which Henry was acquitted. In affirming the judgments, we indicated that "[i]n passing sentence the trial judge was not required to remain oblivious to evidence of Henry's involvement in the homicide and robbery at a level less than would warrant his conviction of those crimes." 273 Md. at 150, 328 A.2d 293.

At issue in *Logan v. State*, 289 Md. 460, 425 A.2d 632 (1981) was whether, at a sentencing hearing, the sentencing

judge could consider confessions obtained in violation of the Fourth Amendment. We refused to extend the exclusionary rule to sentencing proceedings and held that consideration of such confessions was within the judge's discretion. 289 Md. at 486–87, 425 A.2d 632.[1]

Our cases thus make clear that sentencing judges in Maryland may consider the criminal conduct of a defendant even if there has been no conviction. As originally stated in *Bartholomey v. State, supra,* 267 Md. at 193, 297 A.2d 696:

> "[T]o aid the sentencing judge in fairly and intelligently exercising the discretion vested in him, the procedural policy of the State encourages him to consider information concerning the convicted person's reputation, past offenses, health, habits, mental and moral propensities, social background and any other matters that a judge ought to have before him in determining the sentence that should be imposed." (Footnote and citations omitted.)

*See also Huffington v. State,* 304 Md. 559, 500 A.2d 272 (1985) (sentencing judge may consider a defendant's institutional history including any disciplinary sanctions reflected therein); *Reid v. State, supra,* 302 Md. 811, 490 A.2d 1289 (sentencing judge may consider an additional victim impact statement); *Farrell v. State,* 213 Md. 348, 131 A.2d 863 (1957) (a sentencing judge may consider a defendant's past record).

There are, of course, some restrictions placed upon the judge presiding at the sentencing proceeding. A sentence cannot violate any constitutional requirements such as the prohibition against cruel and unusual punishment; the sentencing judge cannot be motivated by prejudice, ill-will or any other impermissible considerations; and the sentence itself cannot exceed any limitation set by statute. *Reid v. State, supra,* 302 Md. at 820, 490 A.2d 1289; *Teasley v.*

---

1. An exception to this rule is that an illegally obtained confession may not be considered if it was obtained for the purpose of enhancing punishment. *Logan v. State,* 289 Md. 460, 486, 425 A.2d 632.

*State,* 298 Md. 364, 370, 470 A.2d 337 (1984) and cases cited therein. In addition to these limitations, the prosecution must disclose to the defendant or counsel any information the State plans to present before the judge for consideration in sentencing. *See* Md.R. 4–342(c) (1986 Repl.Vol.); *Johnson v. State, supra,* 274 Md. at 540 n. 4, 336 A.2d 113; *Bartholomey v. State, supra,* 267 Md. at 193 n. 13, 297 A.2d 696. Such notice affords a defendant the opportunity to refute or discredit this information.

### III.

■ Smith contends that Williams' testimony was too unreliable to be admissible at the sentencing hearing because the witness never pursued formal criminal charges and, therefore, her testimony amounted to nothing more than a bald accusation of criminal conduct. We find no merit in this argument. Manifestly, the mere fact that Williams did not seek formal charges against Smith does not of itself demonstrate that her testimony was so unreliable as to totally negate her credibility. Indeed, the incident was reported to the police and a copy of the police report was provided to Smith prior to the sentencing hearing. And, in conformity with Md.R. 4–342(c), Smith was given advance notification that the State intended to call Williams as a witness at the sentencing hearing. Smith was provided with her full name and address as well as the subject matter of her testimony. Furthermore, the witness was sworn to tell the truth and was, of course, subject to cross-examination.

In *United States v. Oxford,* 735 F.2d 276 (7th Cir.1984), a witness testified at the sentencing hearing that one of the defendants, who had been convicted of various drug-related offenses, attempted to sell him drugs while out on bond. The Court held that such testimony could be considered in fashioning an appropriate sentence. The fundamental inquiry in *Oxford,* as here, centered upon the credibility of the witness's testimony. As pointed out in *Oxford,* "questions of the credibility of witnesses and the weight of their

testimony are left to the sound discretion of the trial court." 735 F.2d at 279; *see generally Fletcher v. State*, 256 Md. 310, 315, 260 A.2d 34 (1970). Our review of the record does not indicate any abuse of the sentencing judge's discretion in admitting the Williams' testimony.

The testimony at issue constituted more than a bald allegation; rather, it contained specific facts concerning an encounter between Smith and the witness. The admission of this testimony was, in the circumstances of this case, permissible for consideration by the sentencing court as "opprobrious conduct not amounting to a crime" or of facts amounting to a crime "of which the [defendant] may, or may not, thereafter be convicted." *Purnell, supra*, 241 Md. at 585, 217 A.2d 298; *see also Henry v. State, supra*, 273 Md. at 147–48, 328 A.2d 293 ("sentencing judges are permitted to consider reliable evidence of conduct which may be opprobrious although not criminal, as well as the details and circumstances of criminal conduct for which the person has not been tried"). Of course, a sentencing judge may obtain relevant information through live witness testimony at a sentencing hearing. *Lodowski v. State*, 302 Md. 691, 748–49, 490 A.2d 1228 (1985), *vacated and remanded on other grounds*, —— U.S. ——, 106 S.Ct. 1452, 89 L.Ed.2d 711 (1986).

### IV.

Smith also contends that by considering Williams' testimony, the trial judge sentenced him not only for first degree rape and first degree sexual offense (the offenses he was convicted of) but also of attempted rape (a crime with which he was never charged).[2] Smith's argument is essentially two-fold: (1) it is impermissible for a sentencing judge to consider any criminal conduct that has not culminated in a conviction; and (2) if uncharged criminal conduct is con-

---

**2.** We note that Smith received two concurrent sentences of twenty-five years, neither of which exceeds the statutory maximums. *See* Maryland Code (1957, 1982 Repl.Vol.) Art. 27, §§ 462(b) and 464(b).

sidered during sentencing for another crime, the defendant cannot later be charged with that crime as it would violate the principles of double jeopardy.

As earlier indicated, a sentencing judge may properly consider uncharged or untried offenses. *See, e.g., Huffington v. State, supra* (permitting consideration of disciplinary problems while defendant was institutionalized); *Logan v. State, supra* (permitting consideration of illegally obtained confessions); *Henry v. State, supra* (permitting consideration of circumstances surrounding an acquittal); *Purnell v. State, supra* (permitting consideration of confessions to uncharged, untried crimes). These cases are consistent with *Williams v. New York, supra,* and with the great weight of authority in other jurisdictions. For example, in *People v. Davis*, 38 Ill.App.3d 649, 348 N.E.2d 533 (1976), the defendant was convicted of the armed robbery of a bakery owner and his wife. At the sentencing hearing, testimony was taken from two witnesses who identified the defendant as the man who robbed them several hours subsequent to the robbery at the bakery. The defendant objected to the admission of this testimony because he had been neither charged nor convicted of any crime connected with this unrelated robbery. In upholding the sentence, the court held that the trial judge must be allowed great latitude in examining the defendant's character, due care being given to ensure that the information presented is accurate. In *Davis*, the witnesses gave a full rendition of the facts while under oath, and their testimony was subject to cross-examination. *See also People v. Barksdale*, 44 Ill.App.3d 770, 3 Ill.Dec. 465, 358 N.E.2d 1150 (1976) (testimony as to other rapes committed by defendant deemed material and relevant to court's inquiry of defendant's moral character). Similarly, in *State v. Koon*, 278 S.C. 528, 298 S.E.2d 769 (1982), the defendant was convicted of kidnapping a woman from a shopping center parking lot. At his sentencing, testimony was elicited from another woman he had attempted to kidnap in the same manner. The

testimony was held to be admissible as bearing upon the defendant's character.

A number of other states have held that a sentencing judge may consider a defendant's criminal conduct even if he has not been charged or convicted of the particular crime. *See, e.g., Holden v. State,* 602 P.2d 452 (Alaska 1979); *People v. Boyd,* 38 Cal.3d 762, 700 P.2d 782, 215 Cal.Rptr. 1 (1985); *People v. Lowery,* 642 P.2d 515 (Colo. 1982); *State v. Murphy,* 59 Hawaii 1, 575 P.2d 448 (1978); *State v. Ott,* 102 Idaho 169, 627 P.2d 798 (1981); *People v. Brisbon,* 106 Ill.2d 342, 88 Ill.Dec. 87, 478 N.E.2d 402, *cert. denied,* —— U.S. ——, 106 S.Ct. 276, 88 L.Ed.2d 241 (1985); *Jackson v. State,* 426 N.E.2d 685 (Ind.1981); *State v. Mateer,* 383 N.W.2d 533 (Iowa 1986); *State v. Jenkins,* 419 So.2d 463 (La.1982); *State v. O'Donnell,* 495 A.2d 798 (Me.1985); *Commonwealth v. Coleman,* 390 Mass. 797, 461 N.E.2d 157 (1984); *Williamson v. State,* 388 So.2d 168 (Miss.1980); *State v. Jackson,* 476 S.W.2d 540 (Mo.1972); *State v. Baldwin,* 629 P.2d 222 (Mont.1981); *State v. Christensen,* 213 Neb. 820, 331 N.W.2d 793 (1983); *Silks v. State,* 92 Nev. 91, 545 P.2d 1159 (1976); *State v. Ferbert,* 113 N.H. 235, 306 A.2d 202 (1973); *State v. Humphreys,* 89 N.J. 4, 444 A.2d 569 (1982); *State v. Segotta,* 100 N.M. 498, 672 P.2d 1129 (1983); *People v. Hall,* 46 N.Y.2d 873, 387 N.E.2d 610, 414 N.Y.S.2d 678, *cert. denied,* 444 U.S. 848, 100 S.Ct. 97, 62 L.Ed.2d 63 (1979); *State v. Pinch,* 306 N.C. 1, 292 S.E.2d 203, *cert. denied,* 459 U.S. 1056, 103 S.Ct. 474, 74 L.Ed.2d 622 (1982); *State v. Wells,* 265 N.W.2d 239 (N.D. 1978), *cert. denied,* 442 U.S. 932, 99 S.Ct. 2865, 61 L.Ed.2d 300 (1979); *State v. Burton,* 52 Ohio St.2d 21, 368 N.E.2d 297 (1977); *State v. Conger,* 268 N.W.2d 800 (S.D.1978); *State v. Howell,* 707 P.2d 115 (Utah 1985); *State v. Ramsay,* 146 Vt. 70, 499 A.2d 15 (1985); *State v. Blight,* 89 Wash.2d 38, 569 P.2d 1129 (1977); *State v. Harris,* 119 Wis.2d 612, 350 N.W.2d 633 (1984); *Chisolm v. State,* 409 So.2d 930 (Ala.Crim.App.1981); *State v. Kelly,* 122 Ariz. 495, 595 P.2d 1040 (App.1979); *Crosby v. State,* 429 So.2d 421 (Fla.Dist.Ct.App.1983); *People v. Robinson,* 147 Mich.

App. 509, 382 N.W.2d 809 (1985); *Johnson v. State*, 665 P.2d 815 (Okla.Crim.App.1982); *State v. Brown*, 44 Or.App. 597, 606 P.2d 678 (1980); *Commonwealth v. Vernille*, 275 Pa.Super. 263, 418 A.2d 713 (1980); *Nethery v. State*, 692 S.W.2d 686 (Tex.Crim.App.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). *But cf. Ture v. State*, 353 N.W.2d 518 (Minn.1984) (generally improper to consider evidence which points to defendant's guilt of some other offense); *Newby v. State*, 161 Ga.App. 805, 288 S.E.2d 889 (1982) (trial judge erred in basing sentence on offenses for which defendant had not yet been convicted).

■ Smith's further contention that consideration of uncharged conduct may lead to a double jeopardy violation if a subsequent trial is held is also meritless. Such evidence is introduced at sentencing to provide the presiding judge with a complete composite of the defendant. Manifestly, it is not a trial to punish the defendant for an untried crime. In *United States v. Wise*, 603 F.2d 1101 (4th Cir.1979), the defendant was convicted of various drug-related offenses. At sentencing the judge considered perjured testimony given by the defendant at the trial of a co-defendant. At that time, the defendant had not been convicted of perjury. Citing *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), the Fourth Circuit stated:

> "[W]e believe that when a sentencing judge takes into account various aspects of the defendant's background, including other offenses committed, in order to assess the defendant's need for rehabilitation, the sentence thereby imposed does not constitute punishment for these aspects of defendant's background." 603 F.2d at 1106.

Hence, the consideration of a defendant's untried criminal conduct, while sentencing him for another crime, does not violate the constitutional prohibition against double jeopardy.

In *State v. Pinch*, 306 N.C. 1, 292 S.E.2d 203, *cert. denied*, 459 U.S. 1056, 103 S.Ct. 474, 74 L.Ed.2d 622 (1982), the defendant shot two people within minutes at the same

location and was tried separately for the two murders. He was convicted of both murders and, at sentencing, each murder was submitted as an aggravating circumstance for the other. The defendant argued that reciprocal use of the two murder convictions at his death penalty hearings constituted double jeopardy. The Supreme Court of North Carolina disagreed; it said:

"Regardless of the formula utilized, the jury's *consideration* of a defendant's commission of 'other crimes of violence,' in making its ultimate penalty recommendation for that defendant's conviction of a related but separate capital offense, is not logically equivalent to the defendant receiving multiple punishment for the same crime. This is especially true where, as here, the prosecution relies on an additional aggravating circumstance which is also subsequently found by the jury. In short, the principle of double jeopardy has not evolved, as defendant argues, to the point that it prevents the prosecution from relying, at the sentencing phase of a capital case, upon a related course of criminal conduct by the defendant as an aggravating factor to enhance the punishment of defendant for another distinct offense, and this is so, irrespective of whether the defendant was also convicted of another capital charge arising out of that very same course of criminal conduct and subjected to separate punishment therefor." 292 S.E.2d at 226 (emphasis in original) (citations omitted).

The sentencing judge in the present case did not err in admitting testimony about Williams' encounter with Smith on the day preceding the attack upon Mrs. Burt. That particular incident shed light upon Smith's background and, insofar as the record discloses, it was considered solely for this purpose.

## V.

Finally, Smith complains that the Williams' testimony subjected him to a trial-like proceeding without the requisite constitutional protections. He contends that if there had

been an actual trial for the attempted rape of Williams, he would have been entitled to a jury. Of course, Smith was not "tried" for attempted rape; instead, the sentencing judge may have taken the incident into account while sentencing Smith for the crimes of which he was convicted. Smith's averment that the sentencing proceeding was no more than a substitute for criminal prosecution is patently frivolous.

JUDGMENTS AFFIRMED, WITH COSTS.

COLE, Judge, dissenting.

It is firmly established in criminal law that the sentencing judge may consider almost any evidence that assists him in imposing a proper sentence for the crime committed. The underlying requirement of such evidence is that it be composed of established facts and beyond the realm of speculation and question. It is generally observed that the sentencing judge should not consider evidence in the sentencing process that requires him to be a finder of fact. Stated another way, when the reliability of the evidence offered has not been established by some other factfinding body or admitted by the defendant and the sentencing judge must determine the truth of the allegations, then such evidence should not be received. Today, the majority departs from this time-honored practice by allowing evidence of misconduct to be introduced for which the defendant has not been charged or tried, to which he has not confessed, and the truth of which he categorically denies. In my view, here the admission of the evidence during the sentencing procedure was error. I, therefore, respectfully dissent.

Jerry Oscar Smith was found guilty of the first degree rape and first degree sexual offense of Minnie Burt. Testimony at Smith's trial showed that the rape occurred on June 10, 1984, after Smith offered to drive Burt to a cab stand, but instead drove her to a secluded country road. At his sentencing hearing, a witness for the State testified that on June 9, 1984, Smith offered to drive her to a gas station, but instead drove her to a wooded area, where she eventual-

ly jumped from the car and hid from Smith. Smith objected to this testimony and in defense took the stand and denied that the event ever occurred. He specifically denied taking the witness to a wooded area and maintained that he took her to the promised destination of a gas station. Smith was never arrested, formally charged, or, of course, convicted for any of his actions with the witness. I believe it was improper for the sentencing judge to consider this evidence.

The majority cites many Maryland cases in support of its position today. What the majority fails to point out, however, is the common denominator shared by these cases that make them inapposite. This common denominator is that in each and every case the unconvicted crime introduced by the State at the sentencing hearing *was not disputed by the defendant.* Consequently, the accuracy and truth of the defendant's actions were settled and the sentencing judge was not called upon to make a finding of fact as to whether the defendant or the State's witness was telling the truth. A review of the Maryland cases cited by the majority is illustrative.

In *Purnell v. State,* 241 Md. 582, 217 A.2d 298 (1966), the defendants pled guilty to breaking and entering a diner. The defendants also admitted that they attempted to break into another store on that same night, and this admission was introduced at the defendants' sentencing hearing. On appeal, the defendants argued that the allegation of unconvicted criminal conduct should not have been considered by the judge at sentencing. This Court stated:

> Of course, if a person has simply been accused of a crime, and acquitted, the accusation, alone, should not be taken into consideration in sentencing, for the acquittal presumably shows the charge not to have been well founded. But this does not mean that a convicted person's *confession* of another crime cannot be so utilized.

*Id.* at 584–85, 217 A.2d at 300 (emphasis added). Thus, because the defendants admitted their involvement in the unconvicted crime, the sentencing judge was not called upon to resolve that issue; the evidence was settled and

became another fact for the judge to weigh in determining sentence.

The case of *Logan v. State*, 289 Md. 460, 425 A.2d 632 (1981), is substantially similar. There, the defendant was convicted of daytime housebreaking and larceny. In addition, he confessed to numerous other crimes, which were later introduced at his sentencing hearing. The defendant argued on appeal that because these confessions were unconstitutionally obtained, they should not have been considered at the sentencing hearing. This Court disagreed and held that because the exclusionary rule does not apply at sentencing hearings, the evidence of the admitted criminal conduct was proper. Again, because the defendant confessed to the unconvicted crimes, the sentencing judge was not required to become a factfinder as to disputed criminal conduct.

This common denominator is also present in *Henry v. State*, 273 Md. 131, 328 A.2d 293 (1974). In *Henry*, a jury convicted the defendant of larceny and receiving stolen money and acquitted him of armed robbery, assault with the intent to murder, and murder. The judge gave the defendant the maximum penalty and in pronouncing the sentence remarked that it was clear to him that the defendant participated in, and could have prevented, the robbery and murder for which he was acquitted. On appeal, the defendant argued that the facts surrounding his acquittal should not have been considered by the sentencing judge. We noted that the trial judge did not rely on outside evidence and that "[i]n determining a proper sentence the trial judge was entitled to consider [*the defendant's*] *own testimony* as to the [circumstances surrounding his convictions and acquittals]." *Id.* at 151, 328 A.2d at 305 (emphasis added). Thus, because the sentencing judge merely considered the defendant's own account of his conduct, the sentencing judge was not placed in the position of determining whether the defendant or another witness was telling the truth regarding the defendant's actions. Consequently, the sentencing judge avoided becoming a factfinder.

*Huffington v. State,* 304 Md. 559, 500 A.2d 272 (1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986), also involved settled facts. In *Huffington,* the defendant was convicted of murder and other lesser offenses. At his sentencing proceeding, the trial judge admitted the defendant's institutional history pertaining to infractions. The defendant argued on appeal that the evidence should not have been admitted, but he did not deny the truth of the report. Consequently, there was no necessity to determine whether the infractions actually occurred. In addition, correctional institutions have various factfinding and due process procedures in place to determine whether an inmate did in fact commit an infraction. As such, the question of whether the defendant committed the infractions had been decided long before the sentencing hearing.

Similarly, none of the other Maryland cases cited by the majority involved disputed evidence of misconduct. *Reid v. State,* 302 Md. 811, 490 A.2d 1289 (1985) (facts contained in victim impact statement not disputed); *Bartholomey v. State,* 267 Md. 175, 297 A.2d 696 (1972) (Court remanded case for resentencing and merely stated general guidelines for the trial court to follow); *Farrell v. State,* 213 Md. 348, 131 A.2d 863 (1957) (accuracy of medical reports of the defendant's mental health not disputed).

It is clear, therefore, that prior Maryland cases merely permit unconvicted criminal acts to be introduced at the defendant's sentencing hearing when the defendant's guilt as to those charges is uncontested and thus not an issue to be resolved by the sentencing judge. This is not the case before the Court today. Here, Smith expressly denied that he ever committed any criminal act against the State's witness.

It is a basic premise of the American criminal justice system that a defendant is innocent until proven guilty. A defendant on trial is protected by numerous conditioning devices designed to promote fairness and ensure that no innocent man goes to prison. The requirement of fairness is also present at a sentencing hearing. There, the defend-

ant's guilt is settled and the purpose of the hearing is to gauge the severity of the crime and character of the defendant in order to mete out a punishment consistent with the interests of society and calculated to influence and reform the offender. At a sentencing hearing, the judge reviews facts. As we said in *Henry v. State:*

> [T]he judge may not consider evidence which possesses such a low degree of reliability that it raises a substantial possibility that his judgment may be influenced by inaccurate or false information. Consideration of such information leads to unwarranted assumption of guilt. For this reason it has been recognized that when they stand alone, bald accusations of criminal conduct for which a person either has not been tried or has been tried and acquitted may not be considered by the sentencing judge. *Purnell v. State,* 241 Md. 582, 584, 217 A.2d 298, 299 (1966); *Walker v. State,* 186 Md. 440, 443, 47 A.2d 47, 48 (1946); *Baker v. State, supra,* 3 Md.App. [251] at 257–58, 238 A.2d [561] at 566.

*Henry v. State, supra,* 273 Md. at 147, 328 A.2d at 303 (quoting *Henry v. State,* 20 Md.App. 296, 314, 315 A.2d 797, 807 (1974)).

The majority opinion suggests that the sentencing judge did not make a finding as to whether Smith was guilty or innocent of the misconduct alleged by the witness. In my view, the sentencing judge was forced to decide whether Smith's version or the witness's version of the story was correct. The judge was forced to review conflicting testimony and resolve one basic issue: Did Smith take the witness to a gas station or to a dark, wooded area? This issue does not arise out of and is unrelated to the factual scenario for which Smith was on trial. Therefore, it was wrong for the sentencing judge to become a factfinder on this issue, particularly when the defendant denied the allegations and was not protected by trial.

The facts of this case make consideration of the uncharged, contested criminal activity particularly egregious. Here, the criminal conduct alleged by the State's witness is

nearly identical to the conduct for which Smith was convicted. If the sentencing judge believed the witness, he could not view Smith as a one-time sexual offender, but would instead view him as a two-time sexual offender. Smith's sentence would thus be aggravated by unproved, controverted criminal allegations.

Other states have addressed the problem before the Court today. For example, in *State v. Womack*, 319 N.W.2d 17 (Minn.1982), the defendant was charged with being a felon in possession of a pistol and with second degree assault. The assault charge was dismissed in exchange for a guilty plea to the possession charge. At sentencing, the judge based his heavy sentence on his belief that the defendant had committed the assault. The court noted that although the defendant admitted possession of the pistol, he at all times maintained that he was not guilty of assault because of the defense of self-defense. The court stated:

> It is one thing for the sentencing court to look at the conduct underlying the offense to which the defendant pled guilty if the defendant admits that the underlying conduct occurred, but it is quite another thing when the defendant denies that such conduct occurred. In this case the defendant at all times has claimed that he acted in self-defense. . . .
>
> The state's response is that as a matter of law defendant did not act in self-defense. However, upon analysis it becomes apparent that the state is really arguing that *as a matter of fact* defendant did not act in self-defense. Given the way in which the case was presented to the trial court, the trial court was not entitled to act as factfinder and determine whether defendant was telling the truth when he claimed that the complainant attacked him with a knife. That being so, we believe that the departure, based on the sentencing court's fact-finding, was improper.

*Id.* at 19–20 (emphasis in original); *see also Ture v. State*, 353 N.W.2d 518, 525 (Minn.1984) ("Generally, it is proper

for the sentencing court to consider the course of conduct underlying the charge for which the defendant is being sentenced, but generally it is not proper for the court to consider evidence which points to defendant's guilt of *some other offense....*"); *Newby v. State,* 161 Ga.App. 805, 810, 288 S.E.2d 889, 894 (1982) ("'It is entirely reasonable, proper and necessary in rational sentencing for the trial court to look to the circumstances and context in which the offense was committed, but a sentence based in part upon articulated consideration of other offenses, as yet untried, amounts to prescribing punishment for conduct for which there has been no conviction.'"); *State v. Green,* 62 N.J. 547, 571, 303 A.2d 312, 325 (1973) (Unproven allegations of criminal conduct should not be considered by the sentencing judge, but arrest could be relevant because it could lead to "factual material *which the defendant does not contest.*") (emphasis added).

In sum, as I see it, the State should not be permitted to introduce evidence of contested, uncharged criminal conduct in an effort to enhance Smith's punishment for the offense of which he was convicted. The trial judge has countless means to determine the character and background of a defendant without the necessity for him to consider controverted evidence of uncharged and unconvicted criminal conduct. A sentencing judge is given the power to consider information regarding "the convicted person's reputation, past offenses, health, habits, mental and moral propensities, social background, and any other matters that a judge ought to have before him in determining the sentence that should be imposed." *Bartholomey v. State, supra,* 267 Md. at 193, 297 A.2d at 706; *see also Driver v. State,* 201 Md. 25, 31–32, 92 A.2d 570, 573–74 (1952). Other considerations include the defendant's education, family relationships, work experience, military history, drug dependencies, sociological tendencies, psychological well-being, intelligence, probation and parole records, and institutional history. *See Huffington v. State, supra,* 304 Md. at 577–78, 500 A.2d at 281 (institutional history); *Driver v. State, supra,* 201 Md. at 33–34, 92 A.2d at 574 (medical report); *Donner v. Cal-*

*vert Distillers Corp.*, 196 Md. 475, 493, 77 A.2d 305, 312 (1950) (official records). The sentencing judge is not restricted by evidentiary rules, and relevant facts "can be derived from the evidence presented at trial, the demeanor and veracity of the defendant gleaned from his various court appearances, as well as the data acquired from such other sources as the presentence investigation or any personal knowledge the judge may have gained from living in the same community as the offender." *Johnson v. State*, 274 Md. 536, 541, 336 A.2d 113, 115–16 (1975) (footnotes omitted). Thus, it is clear that the sentencing judge has a plethora of facts and reliable sources at his disposal when sizing up the character of the offender.

I am confident that sentencing judges can competently impose punishment with the numerous tools now provided. The sentencing judge need not reach out and consider disputed matters relating to serious charges. Controverted criminal allegations are unreliable and unresolved, and merely inject uncertainty and prejudice into the sentencing judge's consideration.

Accordingly, I dissent and would remand for resentencing.

Judge ELDRIDGE has authorized me to state that he concurs with the views expressed herein.