694 A.2d 485

**Aamir Anis KHAN and Aasim Anis Khan**

**v.**

**STATE of Maryland.**

**No. 1436, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

May 30, 1997.

Barry H. Helfand, Rockville, for appellants.

Debra S. Grimes, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Thomas K. Clancy, Assistant Attorney General, Baltimore, and Robert Dean, State's Attorney for Montgomery County, Rockville, on the brief), for appellee.

Argued before CATHELL and DAVIS, JJ., and THEODORE G. BLOOM, (retired), Specially Assigned.

DAVIS, Judge.

Aamir Anis Khan and his brother Aasim Anis Khan filed a Motion to Dismiss criminal indictments for several counts of theft and conspiracy to commit theft in Montgomery County. The trials were consolidated. Appellants argued in the Circuit Court for Montgomery County that prosecution on the indictments would place them in double jeopardy because the indictments previously were used to enhance their sentences for federal convictions in the District of Columbia. The circuit court (Pincus, J.) denied the Motion to Dismiss on September 25, 1996, and appellants filed a timely notice of appeal. They present one question for our review, which we restate as follows:

> Does the Double Jeopardy Clause of the Fifth Amendment or the Due Process Clause of the Fourteenth Amendment bar the State's prosecution of an indictment after the State presented evidence in a federal criminal proceeding as to the existence of the indictment, and, although the enhanced sentence resulting from the testimony of the State's representative was overturned on appeal, appellants served more prison time than they would have had the indictments not been used to enhance their federal sentence?

To this novel question, we answer "no." We affirm the circuit court's judgment.

## FACTS

The facts of this case are relatively straightforward and, to make matters easier, the State stipulated at the motions hearing to most of appellants' version of the events leading to the Motion to Dismiss. Appellants were arrested and indicted in Montgomery County on ten counts each of theft and one count each of conspiracy to commit theft. The indictments stemmed from appellants' alleged participation in a computer sales fraud scheme conducted in Montgomery County while using the business name Integra Computers (Integra).

Prior to the issuance of the State indictments, appellants were indicted in the United States District Court for the

District of Columbia for federal crimes that arose from the same type of computer sales scheme, this time conducted under the name National PC Liquidators (NPCL).[1] They were convicted of those offenses in a jury trial. During the subsequent sentencing hearing in the district court, John Cady, an employee of the Montgomery County State's Attorney's Office, testified for the United States concerning the post-federal indictment issuance of the State indictments for the Integra scheme. The district court (June Green, J.) used the State indictments to depart upward from the Federal Sentencing Guidelines (Guidelines) for conviction under the NPCL scheme, reasoning as follows:

> The Court finds ... that there is sufficient evidence that the defendants both engaged in substantially similar criminal activity in Maryland and that the Court considers a copy of the Indictment from the Circuit Court of [Montgomery County] naming the defendants and alleging that they engaged in similar criminal conduct on dates following the indictment and while on bond in this case to a matter of two items.

> Accordingly, the Court finds that a three-level enhancement pursuant to Sentencing Guidelines, Section 2J1.7, is warranted.

The court also imposed a "criminal history" level enhancement of one.

Without the three-level enhancement, the offense level for sentencing would have been twelve. With the enhancement, the level was fifteen. This Court is, of course, not shackled by the rigidly formulaic constrictions that the Guidelines impose upon the federal district courts of this country. According to the district court, however, the sentence required by the Guidelines for an offense level of fifteen, with a criminal

---

1. In its Memorandum in Aid of Sentencing submitted to the U.S. District Court prior to sentencing on the federal convictions, the government detailed other sales fraud schemes perpetrated by appellants. This appeal concerns only the sentence imposed for the NPCL scheme and the indictments for the Integra scheme.

history enhancement of one, is eighteen to twenty-four months. The court sentenced appellants to incarceration for twenty-four months. With an offense level of twelve and a criminal history enhancement of one, the sentence under the Guidelines would have been sixteen months.[2]

The district court's use of the Integra indictments to depart upwardly from the recommended offense level was vacated on appeal to the United States Court of Appeals for the District of Columbia Circuit. The Court of Appeals noted that post-offense misconduct may justify an upward departure in offense level if it shows extensive criminal involvement, *United States v. Khan*, No. 95–3070, slip op. at 2–3, 1996 WL 311458 (D.C.Cir. 1996) (citing *United States v. Fadayini*, 28 F.3d 1236, 1242 (D.C.Cir.1994)), but said that a sentencing court must base its factual findings on a preponderance of the evidence. *Id.* at 3. An indictment for criminal conduct issues upon probable cause. *Id.* Thus, the court concluded, the existence of the indictment cannot alone support a finding of extensive criminal involvement through post-offense misconduct. *Id.* The court added that the indictment also could not be used to enhance the federal sentence because it alleged no specific criminal acts occurring after April 20, 1994, the date of the indictment on federal charges. The circuit court remanded to the district court for resentencing. *Id.*

Ordinarily, a decision to vacate a sentence and remand for resentencing renders harmless any error committed during the original sentencing hearing. This case is unusual, however. Before the original sentencing hearing and while the appeal on the sentence enhancement was pending, appellants were incarcerated. The parties stipulated at the hearing in the Montgomery County Circuit Court that, had appellants been sentenced to incarceration for sixteen months, they

---

**2.** The record does not reveal the range of sentences possible for an offense level of twelve with a one-level criminal history enhancement. Nevertheless, at the motions hearing in the circuit court, the State and appellants stipulated that appellants would have been sentenced to sixteen months of incarceration had the district court not used the Integra indictments to adjust upwardly the offense level.

would have been released on June 7, 1996 at the latest. In fact, because of the enhanced sentence, and despite its voidance on appeal, they were not released until July 5, 1996— almost one month later.[3] Thus, although the Court of Appeals negated on the record the district court's error, the erroneous enhancement caused appellants to serve more time than they would have served without the enhancement.

During the prosecution on the State charges following their release, appellants filed the Motion to Dismiss that, when denied, resulted in this appeal. At the hearing on the motion, appellants argued that the State's involvement in the federal proceedings had caused appellants to serve more time than they would have served if the State's representative had not voluntarily testified as to the existence of the pending Integra indictments. Thus, argue appellants, any subsequent prosecution under the State indictments would place them in double jeopardy because the State had effectively "prosecuted" the matters under indictment in the federal proceeding by participating in the federal sentencing, and this "prosecution" resulted in punishment already served for the Integra indictments. To prosecute the Integra indictments, appellants conclude, would subject them to multiple punishments for the same offense, a violation of the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment.

## ANALYSIS

### I

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court outlined three guarantees of the Double Jeopardy Clause of the Fifth Amendment:

---

**3.** Neither the record nor appellants' brief discloses the precise dates of appellants' initial incarceration or resentencing. The State agreed at the hearing in the circuit court that appellants would have been released on June 7, 1996 had they served a sixteen-month sentence.

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Id.* at 717, 89 S.Ct. at 2076.[4] This list is not exhaustive, however; for example, the Double Jeopardy Clause also collaterally estops the relitigation of facts found in prior prosecutions. *Whittlesey v. State,* 340 Md. 30, 80, 665 A.2d 223 (1995) (*Whittlesey II* ), *cert. denied,* —— U.S. ——, 116 S.Ct. 1021, 134 L.Ed.2d 100 (1996).

■ Separate sovereigns—in this case the federal government and the State of Maryland—may prosecute an accused under separate criminal offenses even if the offenses are based upon the same conduct. *United States v. Wheeler,* 435 U.S. 313, 316–17, 98 S.Ct. 1079, 1082–83, 55 L.Ed.2d 303 (1978); *Gillis v. State,* 333 Md. 69, 73, 633 A.2d 888 (1993), *cert. denied,* 511 U.S. 1039, 114 S.Ct. 1558, 128 L.Ed.2d 205 (1994). Appellants, recognizing this, frame the sentence enhancement based upon a State indictment and subsequent prosecution under the indictment as multiple punishments for the same offense—the violation of a Maryland criminal statute. Conflated with this argument is an alternative argument that the State of Maryland, by voluntarily testifying at the federal sentencing hearing, effectively "prosecuted" the criminal conduct during the sentencing hearing, and thus is barred from prosecuting the Integra indictments.

The foregoing description of appellants' claim illustrates its nature as a square peg striving valiantly to wedge itself into a

---

**4.** The following language of the Fifth Amendment to the Constitution of the United States prohibits double jeopardy:

[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb. . . .

The Double Jeopardy Clause applies to State criminal proceedings through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). Although the prohibition against double jeopardy is recognized in the common law of Maryland, *see Middleton v. State,* 318 Md. 749, 756, 569 A.2d 1276 (1990), appellants rely solely on Fifth Amendment and Fourteenth Amendment constitutional protection.

round hole. Appellants' perception of the nature of the federal sentencing proceeding was best summed up by appellants' counsel's assessment of the situation in the circuit court:

> [T]his ... is not like being tried for the same set of facts in two different jurisdictions.

> What happens is it is, instead, being tried in one jurisdiction and having your indictment in another case by a state government used to enhance your punishment and in fact having that been accomplished solely because you were indicted by that jurisdiction and with their participation, for which there was punishment.

Thus, appellants at once characterize the enhancement and subsequent prosecution as a "multiple punishment" case and a "subsequent prosecution" case. Chief Judge Bell has emphasized the importance of the distinction between the two types of cases, commenting that "[t]hat distinction is not, nor was it meant to be, a slight one." *Whittlesey II*, 340 Md. at 98 n. 9, 665 A.2d 223 (Bell, J., concurring and dissenting).

Appellants' arguments thus depend on the enhancement imposed by the district court being "punishment" for the crimes alleged in the Integra indictments, or on Maryland's participation in the federal sentencing proceeding constituting a "prosecution" of those crimes. We conclude that this case is neither a "multiple punishment" case nor a "subsequent prosecution" case; rather, it is something of a "sheep in wolf's clothing"—a clever attempt to disguise a standard "dual sovereign" case as both an unconstitutional "multiple punishment" case and a "subsequent prosecution" case. Because of the unusual nature of appellants' arguments, it is better to describe what this case is *not* rather than attempt to describe what it *is*. Thus, we shall address both labels that appellants assign to the proceedings.

### Multiple Punishment

Even assuming the "dual sovereign" doctrine did not apply—that Maryland was actually involved in the sentence enhancement in a way that would qualify as "prosecution"—appellants' argument that they were already "punished" for

the crimes alleged in the Integra indictments is wholly without merit. The Court of Appeals has addressed the constitutionality of sentence enhancements based on uncharged conduct for which the convicted person is later charged and tried. In *Smith v. State*, 308 Md. 162, 517 A.2d 1081 (1986), the trial court, during the sentencing phase of a rape trial, admitted and considered witness testimony of uncharged conduct, ultimately using the testimony to enhance the sentence imposed for the rape conviction. In ruling this use of the testimony constitutional, the Court of Appeals stated:

> Smith's ... contention that consideration of uncharged conduct may lead to a double jeopardy violation if a subsequent trial is held is ... meritless. Such evidence is introduced at sentencing to provide the presiding judge with a complete composite of the defendant. Manifestly, it is not a trial to punish the defendant for an untried crime. In *United States v. Wise*, 603 F.2d 1101 (4th Cir.1979), the defendant was convicted of various drug-related offenses. At sentencing the judge considered perjured testimony given by the defendant at the trial of a codefendant. At that time, the defendant had not been convicted of perjury. Citing *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), the Fourth Circuit stated:
>
>> "[W]e believe that when a sentencing judge takes into account various aspects of the defendant's background, including other offenses committed, in order to assess the defendant's need for rehabilitation, the sentence thereby imposed does not constitute punishment for these aspects of defendant's background." 603 F.2d at 1106.

*Smith*, 308 Md. at 174, 517 A.2d 1081. The Court squarely held that "the consideration of a defendant's untried criminal conduct, while sentencing him for another crime, does not violate the constitutional prohibition against double jeopardy." *Id.*

The Supreme Court's decision in *Witte v. United States*, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), provides support for the conclusion of the Court of Appeals in *Smith*

and for the same conclusion in the case at bar. In *Witte*, the United States District Court for the Southern District of Texas enhanced the appellant's sentence for a conviction of attempted possession of marijuana, basing the enhancements on previous, connected, but uncharged activities concerning the importation of cocaine and marijuana. *Id.* at ——, 115 S.Ct. at 2203. The district court enhanced the sentence under Sentencing Guideline § 1B1.3, which specified that the sentencing range for a particular offense is determined on the basis of all "relevant conduct" in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction. *Id.* The appellant was later indicted and prosecuted for the importation of the drugs, and he claimed that this subsequent prosecution placed him in double jeopardy. *Id.*

The Fifth Circuit reversed the trial court's dismissal of the subsequent indictments, and the Supreme Court affirmed. *Id.* at ——, 115 S.Ct. at 2204. The Supreme Court noted that courts, in fixing sentences, have often taken into consideration a defendant's prior convictions for which he has already been sentenced. *Id.* at ——, 115 S.Ct. at 2205. The Supreme Court then said that, for double jeopardy purposes, it makes no difference whether the enhancement occurs within the first or the second sentencing proceeding. *Id.* at ——, 115 S.Ct. at 2206. Relying on its earlier decision in *Williams v. Oklahoma*, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959), the Court reiterated that "use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause." *Witte*, 515 U.S. at ——, 115 S.Ct. at 2206.

We note that in *Witte*, the Supreme Court was faced with the "double jeopardy implications of taking the circumstances surrounding *a particular course of criminal activity* into account in sentencing for a conviction arising therefrom." *Id.* (emphasis added). In the case *sub judice*, as in *Witte*, appellants' subsequent indictment, on which the district court im-

properly enhanced their sentence for the fraud conviction, was based on the same "particular course of criminal activity" as the activity that resulted in a conviction. The district court concluded as much when it cited appellants' "substantially similar criminal activity" in Maryland, imposing a three-level enhancement under United States Sentencing Guidelines (USSG) § 5K2.0 for "continued criminal activity." [5] That the schemes may have been executed at different times changes nothing; the attempted marijuana possession in *Witte* occurred in 1991, while the cocaine importation occurred in 1990. *Witte*, 515 U.S. at ——, 115 S.Ct. at 2202–03. We hold that the use of the Integra indictments to enhance the sentence for the federal conviction was not "punishment" under the Double Jeopardy Clause of the Fifth Amendment.

**Subsequent Prosecution**

 Given the foregoing analysis, a consideration of appellants' further argument is unnecessary. Nevertheless, we can easily dispose of the contention that Maryland's participation

---

5. The district court stated that it was departing upward based on "similar criminal conduct" under USSG § 2J1.7. This facial reliance on USSG § 2J1.7 presents a problem of interpretation not explicitly addressed by the D.C. Circuit Court, as this Guideline section allows an enhancement based upon a "conviction" only, 18 U.S.C. § 3147 (1997), and only in the case of a conviction for a *federal offense* that is committed while on release on another federal charge. *Commentary*, USSG § 2J1.7. Neither of these conditions are met in this case; the Integra indictments were for State offenses, and no convictions have yet been obtained.

The Circuit Court, however, relied upon its decision in *Fadayini* to uphold the district court's authority to enhance appellants' sentences for the NPCL convictions. In *Fadayini*, the Circuit Court affirmed a three-level upward departure under USSG § 5K2.0, which, *inter alia*, allows an upward departure based on aggravating circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." USSG § 5K2.0. The court in *Fadayini* held that "post-arrest criminal conduct" can be such an aggravating circumstance, *Fadayini*, 28 F.3d at 1242, and upheld the three-level upward departure as one *analogous* to USSG § 2J1.7, but permitted under § 5K2.0. *Id.* Thus, because the district court could not have departed upward under § 2J1.7, and because the Circuit Court relied on *Fadayini*, we are convinced that the district court in the case *sub judice* actually relied upon USSG § 5K2.0 to depart upward.

in the federal sentencing hearing was a "prosecution," by the State of Maryland, of the crimes alleged in the Integra indictments. We have no difficulty concluding that it was not. On its face, the prosecution that resulted in the improper sentence enhancement was by the United States, in the courts of the United States, and under the laws of the United States. Cady was called as a witness for the United States. He testified as to the existence of the Integra indictments, a purely factual matter. Cady simply gave information that he knew. The State made no prosecutorial decisions, and this case fits squarely into the "dual sovereign" doctrine.

█ In addition, the Supreme Court has stated, "By authorizing the consideration of offender-specific information at sentencing without the procedural protections attendant at a criminal trial, our cases necessarily imply that such consideration does not result in 'punishment' for such conduct." *Witte,* 515 U.S. at ——, 115 S.Ct. at 2206. By the same token, we believe, the lack of procedural protections precludes a sentencing proceeding from being a "prosecution" of criminal conduct. The prosecution has already occurred, and has resulted in a conviction. If the United States was not prosecuting appellants in the sentencing proceeding, we hardly see how the State's involvement in a role as no more than that of a witness could be labeled a prosecution by the State.

Our conclusion gleans support from *Whittlesey II,* wherein the Court of Appeals rejected the appellant's contention that a capital sentencing proceeding is the equivalent of a trial, and thus bars a prosecution for the robbery that was an element of the State's case at sentencing. *Whittlesey II,* 340 Md. at 77, 665 A.2d 223. While not explicitly rejecting the proposition that a capital sentencing proceeding is like a trial, the Court rejected the appellant's double jeopardy claim, relying on its earlier reasoning in a previous appeal in the case. In *Whittlesey v. State,* 326 Md. 502, 535, 606 A.2d 225 (*Whittlesey I*), *cert. denied,* 506 U.S. 894, 113 S.Ct. 269, 121 L.Ed.2d 198 (1992), the Court noted that, "if [appellant] is found guilty of murder in the first degree, the State may seek a sentence of

death even though the aggravating circumstance" was the robbery of the murder victim. *Id.*

Central to the conclusion of the Court of Appeals in *Whittlesey I* was its reasoning that

the prosecution of [appellant] for murder is justified by the public interest in law enforcement, accommodating the societal concern in prosecuting and convicting those who violate the law. On this record, [appellant] is not entitled to use the Double Jeopardy Clause as a weapon to prevent the State from its prosecution on the murder indictment [following a conviction for robbery].

*Id.* The Court was influenced in that case by Justice O'Connor's concurring opinion in *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985):

Decisions by this Court have consistently recognized that the finality guaranteed by the Double Jeopardy Clause is not absolute, but instead must accommodate the societal interest in prosecuting and convicting those who violate the law.

*Id.* at 796, 105 S.Ct. at 2420.

Were we to endorse appellants' argument, we would hold unconstitutional as double jeopardy all testimony by any State government witness, in a proceeding by a separate sovereign, as to the proven or alleged criminal activity of a person accused or convicted under the separate sovereign's criminal law. The Double Jeopardy Clause would become a sword for appellants, not a shield. We do not believe that the Constitution bars such participation. We affirm the circuit court's refusal to dismiss the indictments on Fifth Amendment grounds.

## II

Finally, appellants argue that the subsequent prosecution violates the guarantees of due process contained in the Fourteenth Amendment. Any violation of due process was committed by the sentencing federal court, not the State. The error was imperfectly remedied on appeal, but it was still the

federal court's error. Appellants rely upon the general argument that the Fourteenth Amendment prohibits to the State those practices that are "repugnant to the conscience of mankind." *Palko v. Connecticut,* 302 U.S. 319, 323, 58 S.Ct. 149, 151, 82 L.Ed. 288 (1937). We see no repugnance to constitution or conscience in refusing to permit appellants to escape prosecution for a serious State offense because they served less than one month longer of a federal sentence than they would have because a federal court erroneously used the existence of that offense against them. To hold otherwise would permit appellants to use the Constitution as a weapon in a way that was not intended. *Whittlesey I,* 326 Md. at 535, 606 A.2d 225.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED.**

**COSTS TO BE PAID BY APPELLANTS.**