JONAH M. IAEA, Petitioner, *v.* THE HONORABLE DANIEL G. HEELY, Judge of the Circuit Court of the First Circuit, State of Hawaii, and STATE OF HAWAII, through the Prosecuting Attorney of the City and County of Honolulu, Respondents

NO. 12289

(CRIMINAL NO. 52765)

OCTOBER 8, 1987

LUM, C.J., NAKAMURA, PADGETT, WAKATSUKI, JJ., AND INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE HEEN, IN PLACE OF HAYASHI, J., DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

Jonah M. Iaea seeks a writ prohibiting the Honorable Daniel G. Heely, Judge of the Circuit Court of the First Circuit, State of Hawaii, from

continuing the separate trial of Counts IV through XI of Criminal No. 52765 against Petitioner on the ground that said prosecution of Petitioner regarding Counts V, V[I], and VIII through XI is barred on the ground of lack of jurisdiction[.]

The background leading up to the petition is as follows. In 1979, petitioner was indicted for three counts of promoting a dangerous drug in the second degree, five counts of promoting a

harmful drug in the first degree, one count of promoting a harmful drug in the second degree, one count of promoting a dangerous drug in the first degree, one count of promoting a detrimental drug in the third degree, and one count of possession of a firearm by a person convicted of certain crimes.

Pursuant to a plea bargain, petitioner entered guilty pleas to one count of promoting a dangerous drug in the first degree, two counts of promoting a harmful drug in the first degree, two counts of promoting a harmful drug in the second degree, and one count of possession of a firearm by a felon, and the State filed a *nolle prosequi* of the remaining counts of the indictment.

After petitioner had been found guilty, pursuant to his pleas, and sentenced, he moved, pursuant to HRPP 40 for post-conviction relief in the form of a withdrawal of his plea of guilty. His petition was denied by the circuit court and the denial affirmed by us on appeal. The petitioner then applied to the federal courts for relief and, ultimately, the federal courts ruled that he had had the ineffective assistance of counsel at the time he entered his guilty plea. The relief ordered by the United States District Court was

> unless the State of Hawaii affords petitioner, Jonah Iaea, a new trial within 120 days from the date of this DECISION AND ORDER, a writ of habeas corpus shall issue, directing the respondents to release from custody the body of the prisoner.

Pursuant to that order, petitioner was tried on the six counts to which he had pled guilty, and a jury verdict of guilty was entered as to three counts on July 20, 1987.

Approximately one month prior thereto, on June 22, 1987, the State moved for an order setting aside the April 22, 1980 order granting the State's *nolle prosequi*, entered pursuant to the plea bargain.

The judge below, on July 20, entered findings of fact and conclusions of law, and an order, granting the motion to set aside the order of *nolle prosequi* on Counts V, VI, and VIII through XI. Petitioner then filed the present proceeding.

Plea agreements are governed by HRPP 11(e). HRPP 11(e)(1) provides:

> The prosecutor and counsel for the defendant, or the defendant when acting pro se, may enter into plea agreements that, upon the entering of a plea of guilty or nolo contendere to

a charged offense or to an included or related offense, the prosecutor will take certain actions or adopt certain positions, including the dismissal of other charges and the recommending or not opposing of specific sentences or dispositions on the charge to which a plea was entered. The court shall not participate in discussions leading to such plea agreements nor be bound thereby.

Although at common law the government had the right, on its sole responsibility, to enter a *nolle prosequi* in a criminal prosecution, the uniform practice in Hawaii, as explained in *King v. Robertson*, 6 Haw. 718 (1889), was that the permission of the court must be received before such action could be taken. That practice is embodied in HRS § 806-56, which reads:

> *Nolle prosequi.* No nolle prosequi shall be entered in a criminal case in a court of record except by consent of the court upon written motion of the prosecuting attorney stating the reasons therefore. The court may deny the motion if it deems the reasons insufficient and if, upon further investigation, it decides that the prosecution should continue, it may, if in its opinion the interests of justice require it, appoint a special prosecutor to conduct the case and allow the special prosecutor a fee. The proviso of section 801-5 relative to fees allowed counsel assigned by the court for a defendant is made applicable to fees of special prosecutors appointed hereunder.

and which has come down to us from Act 40 of the Laws of 1876. Under the provisions of HRPP 11(e)(1) therefor, since a *nolle prosequi* of six counts was involved in the plea bargain agreement, the court below could accept or reject it. On April 22, 1980, it permitted the *nolle prosequi* of the six counts in question as a part of the effectuation of that agreement.

The federal courts, however, held that the plea of guilty to the other six counts could be withdrawn because of the ineffective assistance of counsel. Thus, when the case was returned to the circuit court, it had before it a truncated plea bargain with only the agreement of the State to *nolle prosequi* the six counts still existing. Had that been the situation on April 22, 1980, the circuit court could have, and probably would have, denied the *nolle prosequi*.

We hold that, where permission by the court to *nolle prosequi* charges is given, based on a plea bargain, and the defendant's

agreement to the bargain is subsequently set aside, the circuit court has jurisdiction to permit the withdrawal of the *nolle prosequi,* and that, therefore, the court below had discretion, under HRPP 12(b)(5) and 14, to allow a separate trial of petitioner on the remaining six counts. Accordingly, we dismiss the petition for a writ of prohibition.

*Christopher R. Evans (Louisa R. Lindow* with him on the briefs) for Petitioner.

*Peter Van Name Esser (George H. Yamamoto* with him on the briefs), Deputy Prosecuting Attorneys, for Respondents.