STATE OF HAWAII, Plaintiff-Appellee, *v.* SIDNEY NORIO
GAMULO, Defendant-Appellant, and ALVIN HARUO
OKIMOTO, Defendant

NO. 11935

(CRIMINAL NO. 59087)

NOVEMBER 9, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI
AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Defendant-Appellant Sidney N. Gamulo (defendant) was con-
victed of promoting a dangerous drug in the third degree. For that
offense, he was sentenced to 5 years of probation, commencing on
February 17, 1984.

On September 10, 1986, defendant, while on probation, was
convicted of theft in the first degree, a class C felony. Pursuant to
Hawaii Revised Statutes (HRS) § 706-625(c) (1985),[1] the sentencing
court revoked defendant's probation.

After the revocation of probation, defendant was resentenced
to a five-year term of probation, nunc pro tunc as of February 17,

---

[1] In pertinent part, the statute states:

The court shall revoke the . . . probation if the defendant . . . has been convicted
of a felony.

1984, with a special condition that he be incarcerated for a period of one year.

Defendant appeals the terms of his resentencing. We affirm.

I.

Defendant contends that the sentencing court abused its discretion when, upon revocation of probation, it resentenced defendant to the same term of probation, nunc pro tunc, with a special term of one-year imprisonment. We disagree.

> The prescription of penalties is a legislative prerogative, but a sentencing court is nonetheless afforded wide latitude in the selection of penalties from those prescribed and in the determination of their severity. This authority is normally undisturbed on review in the absence of an apparent abuse of discretion, or unless applicable statutory and constitutional commands have not been observed. (Citations omitted.)

*State v. Johnson,* 68 Haw. \_\_\_, \_\_\_, 711 P.2d 1295, 1298, (1985).

There has been "an inclination on the part of the legislature to vest in the sentencing court the discretionary authority to apply the Hawaii Penal Code's more enlightened sentencing provisions where such application would further the penological objectives of the statute." *State v. Von Geldern,* 64 Haw. 210, 214, 638 P.2d 319, 322 (1981). This inclination to vest the sentencing court with discretion is clearly reflected in the language of HRS § 706-625 (1985). In pertinent part, the statute reads as follows:

> (a) During a period of probation . . ., the court, . . . after a hearing, may revoke the . . . probation, modify the requirements imposed on the defendant, or impose further requirements authorized by section 706-624.
>
> . . . .
>
> (d) The court may modify the requirements imposed on the defendant or impose further requirements, if it finds that such action will assist the defendant in leading a law-abiding life.

The only limitation placed on the sentencing court's discretion is found in subsection (e) of § 706-625:

> (e) When the court revokes . . . probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which he was convicted.

Defendant originally could have been sentenced to imprisonment for a maximum term of five years, HRS § 706-660 (1985),[2] for the offense of promoting a dangerous drug in the third degree, a class C felony, HRS § 712-1243 (1985). Alternatively, statutes permit a five-year sentence of probation, HRS § 706-623 (1985),[3] which may be conditioned with a one-year term of imprisonment, HRS § 706-624(3) (1985).[4]

One may argue that the legislative mandate revoking defendant's original probation becomes meaningless if the sentencing court could reimpose the same sentence of probation. In reading HRS § 706-625 in its entirety, we conclude that the legislature mandated revocation of probation under certain circumstances as a means of compelling the court to review the defendant's original sentence in light of new facts. Upon such review, the court is free to reimpose probation if such sentence "would further the penological objectives of the statute." *State v. Von Geldern, supra.*

After revoking defendant's original probation, the sentencing court chose to reimpose a five-year probation sentence conditioned with a one-year prison term. The same sentence could have been

---

[2] § 706-660 Sentence of imprisonment for class B and C felonies; ordinary terms. A person who has been convicted of a class B or class C felony may be sentenced to an indeterminate term of imprisonment except as provided for in section 706-660.1 relating to the use of firearms in certain felony offenses. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:

(1) For a class B felony — 10 years; and

(2) For a class C felony — 5 years.

The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

[3] § 706-623 Period of suspension of sentence or probation. When the court has suspended sentence or has sentenced a defendant to be placed on probation, the period of the suspension or probation shall be five years upon conviction of a felony, one year upon conviction of a misdemeanor, or six months upon conviction of a petty misdemeanor, unless the defendant is sooner discharged by order of the court. The court, on application of a probation officer or of the defendant, or on its own motion, may discharge the defendant at any time.

[4] The pertinent sentence of HRS § 706-624(3) states:

When the court sentences a person who has been convicted of a felony to be placed on probation, it may require him to serve a term of imprisonment not exceeding one year as an additional condition of its order.

originally imposed for the conviction of promoting a dangerous drug in the third degree. We find that the applicable statutes have been complied with by the sentencing court. There was no abuse of discretion by the court.

Defendant's other contentions are without merit.

Affirmed.

*Melvin Wong* for defendant-appellant.

*Alexa D. M. Fujise (Arthur E. Ross* on the brief), Deputy Prosecuting Attorney, for plaintiff-appellee.