924 P.2d 596

**STATE of Hawai'i, Plaintiff–Appellee,**

**v.**

**Ronald Haywood GARRISON, also known as·Satan, Defendant– Appellant.**

**No. 17287.**

Intermediate Court of Appeals of Hawai'i.

Sept. 12, 1996.

Wayne M. Rooney, on the briefs, for defendant-appellant.

Patricia A. Loo, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief, for plaintiff-appellee.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

BURNS, Chief Judge.

Defendant Ronald H. Garrison (Garrison) appeals the circuit court's (a) April 22, 1993 Amended Order of Resentencing [and] Revocation of Probation and (b) April 29, 1993 Findings of Fact, Conclusions of Law and Order Granting State's Motion for Revocation of Probation (April 29, 1993 Order). We affirm.

## BACKGROUND

On August 21, 1989 Garrison was convicted of three counts of Promoting a Dangerous Drug in the Second Degree, Hawai'i Revised Statutes (HRS) § 712–1242(1)(c) (1993). On October 26, 1989 Garrison was sentenced to probation for five years and incarceration for six months. Pursuant to the mandate of what is now HRS § 706–624(1)(a) (1993), one of the conditions of Garrison's probation was as follows: "1. You must not commit another federal or state crime during the term of probation."

On July 30, 1991 a jury found Garrison guilty of four counts of Promoting a Dangerous Drug in the Second Degree. HRS § 712–1242(1)(c). One offense had been committed in June 1988, and the other three offenses had been committed in July 1988. On February 20, 1992 Garrison was sentenced to incarceration for ten years on each count, all four terms to run concurrently.

On December 4, 1992 the State moved, pursuant to HRS § 706–625, to revoke Garrison's probation. HRS § 706–625(c) (1993) states in relevant part as follows: "[t]he court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony."

On March 29, 1993 Garrison filed a Memorandum in Opposition to Motion for Revocation of Probation. Garrison's ground for opposing the motion was that he "was never given a copy of the terms and conditions of probation as required by [HRS § 706–624(3) ]."

On April 29, 1993 following an evidentiary hearing, the circuit court entered its April 29, 1993 Order stating in relevant part as follows:

### FINDINGS OF FACT

\*    \*    \*    \*    \*    \*

3. On April 12, 1990 Probation Officer Joseph Choo met with [Garrison] at Oahu Community Correctional Center and explained the terms and conditions of probation to him.

4. Probation Officer Choo gave [Garrison] a written copy of the terms and conditions of probation but the Defendant refused to accept it or sign it.

\*    \*    \*    \*    \*    \*

### CONCLUSIONS OF LAW

1. The court is required to revoke [Garrison's] probation because of his subsequent felony conviction, § 706–625(c), H.R.S.

On July 9, 1993 the circuit court denied Garrison's June 16, 1993 Motion for Reconsideration of Revocation of Probation.

## STANDARD OF REVIEW

■ This appeal involves statutory construction and a court's interpretation of a statute is a question of law reviewable *de novo* under the right/wrong standard. *Pacific Int'l Servs. Corp. v. Hurip,* 76 Hawai'i 209, 216, 873 P.2d 88, 95 (1994).

## DISCUSSION

■ HRS § 706–624(3) (1993) provides in pertinent part:

§ 706–624 **Conditions of probation.**

\*    \*    \*    \*    \*    \*

(3) **Written statement of conditions.** The defendant shall be given a written

copy of any requirements imposed pursuant to this section, stated with sufficient specificity to enable the defendant to guide the defendant's self accordingly.

We recently construed HRS § 706–624(3) and held that a defendant's failure to comply with a condition of probation imposed pursuant to HRS § 706–624 cannot be the basis for revoking the defendant's probation if the defendant has not been provided with a written statement of that condition of probation prior to failing to comply with it. *State v. Lee*, 10 Haw.App. 192, 862 P.2d 295 (1993).

It appears that Garrison believes that the circuit court's basis for revoking his probation was his violation of probation condition No. 1 requiring that he "must not commit another federal or state crime during the term of probation." If so, Garrison is wrong. The offenses in question were "commit[ted]" prior to the imposition of the term of probation, not "during the term of probation."

The basis for the revocation of Garrison's probation was the requirement in HRS § 706–625(c), that a defendant's probation shall be revoked "if the defendant . . . has been convicted of a felony." This is not one of the "requirements imposed pursuant to [HRS § 706–624.]" Consequently, HRS § 706–624(3) and *State v. Lee, supra,* are not relevant.

■ With respect to HRS § 706–625(c), the Hawai'i Supreme Court has stated:

In reading HRS § 706–625 in its entirety, we conclude that the legislature mandated revocation of probation under certain circumstances as a means of compelling the court to review the defendant's original sentence in light of new facts. Upon such review, the court is free to reimpose probation if such sentence "would further the penological objectives of the statute." *State v. Von Geldern,* [64 Haw. 210, 214, 638 P.2d 319, 322 (1981) ].

*State v. Gamulo,* 69 Haw. 424, 426, 744 P.2d 1208, 1209 (1987).

Thus, we conclude that the circuit court's Conclusion of Law No. 1 that "[t]he court is required to revoke [Garrison's] probation because of his subsequent felony conviction, § 706–625(c), *H.R.S.*" is right.

## CONCLUSION

Accordingly, we affirm the circuit court's (a) April 22, 1993 Amended Order of Resentencing [and] Revocation of Probation, and (b) April 29, 1993 Findings of Fact, Conclusions of Law and Order Granting State's Motion for Revocation of Probation.