998 P.2d 70

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Anderson Leroy PERRY, Defendant–
Appellant.**

No. 22245.

Intermediate Court of Appeals of Hawai'i.

April 4, 2000.

Certiorari Denied May 3, 2000.

Joyce K. Matsumori–Hoshijo, Deputy Public Defender, on the briefs, for defendant-appellant.

Caroline M. Mee, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

BURNS, C.J., WATANABE, and ACOBA, JJ.

Opinion of the Court by ACOBA, J.

We hold in this appeal by Defendant–Appellant Anderson Leroy Perry (Defendant), that in resentencing Defendant following revocation of his probation, the first circuit court (the court) erred in granting a motion for a mandatory term of imprisonment filed by Plaintiff–Appellant State of Hawai'i (the State) and in so sentencing Defendant. Upon revocation of Defendant's probation, the court was bound, pursuant to Hawai'i Revised Statutes (HRS) § 706–625 (Supp. 1998), to resentence Defendant only to a sentence that could have been imposed originally for the crime for which he was convicted. In this case, Defendant's conviction did not include liability for the aggravated circumstances of causing serious bodily injury to a child eight years or younger, which would have exposed him to an extended sentence under HRS § 706–662(5) (1993), or, as the court found, to a mandatory sentence under HRS § 706–660.2 (1993).

As set forth in both the September 11, 1995 guilty plea and the January 8, 1996 judgment of conviction and sentence, Defendant was originally convicted of the crime of Assault in the First Degree without reference to any aggravating circumstances. Accordingly, we vacate the court's mandatory term sentence and remand the case for proceedings consistent with this opinion.

I.

On September 8, 1994, Defendant was indicted for the offense of Assault in the First Degree, HRS § 707–710 (1993), and additionally, for the aggravating circumstances of causing serious bodily injury to a child eight years old or younger which, upon conviction, would subject him to special sentencing sanctions under HRS §§ 706–662(5) or –660.2. The indictment charged that on or about May 14, 1993 through May 17, 1993, Defendant

intentionally or knowingly caused serious bodily injury to [Complainant [1]], a child less than eight (8) years of age, by striking [Complainant], and/or by failing to seek and obtain medical treatment for the injuries [Complainant] sustained, thereby committing the offense of Assault in the First Degree, in violation of Sections 707–710 and 702–203(2) of the [HRS] *and subjecting him to the penalty provisions for Offenses Against Children, pursuant to Sections 706–662(5) and 706–660.2 of the [HRS].*

(Emphasis added.)

Under HRS § 707–710, Assault in the First Degree is committed when a person "intentionally or knowingly causes serious bodily injury to another person." Assault in the First Degree is a class B felony, HRS § 707–710(2), for which punishment is set at a maximum prison term of ten years. HRS § 706–660 (1993).[2] HRS § 702–203(2) (1993) refers to penal liability based on legal omission of "[a] duty to perform the [charged] omitted act[.]" In the context of this case, it seemingly refers to the allegation that Defendant failed to obtain medical treatment for Complainant. HRS § 706–662, which sets forth the criteria for imposition of an extended term of imprisonment, provides in relevant part as follows:

A convicted defendant may be subject to an extended term of imprisonment under

1.  For the purpose of maintaining confidentiality, we use the term "Complainant" in place of the injured person's name.

2.  Hawai'i Revised Statutes (HRS) § 707–710(2) (1993) states that "[a]ssault in the first degree is a class B felony."
    HRS § 706–660 (1993) provides in relevant part as follows:
    **Sentence of imprisonment for class B ... felon[y]; ordinary terms.** A person who has

been convicted of a class B ... felony may be sentenced to an indeterminate term of imprisonment except as provided for in section 706–660.1 relating to the use of firearms in certain felony offenses and section 706–606.5 relating to repeat offenders. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:
    (1) For a class B felony—10 years[.]

section 706–661, if the convicted defendant satisfies one or more of the following criteria:

. . . .

(5) *The defendant is an offender against the elder, handicapped, or minor under the age of eight whose imprisonment for an extended term is necessary for the protection of the public.* The court shall not make this finding unless:

(a) The defendant attempts or commits any of the following crimes: murder, a sexual offense which constitutes a felony under chapter 707, robbery, *felonious assault,* burglary, and kidnapping; *and*

(b) *The defendant, in the course of committing or attempting to commit the crime, inflicts serious or substantial bodily injury upon a person who is:*

(i) Sixty years of age or older;

(ii) Blind, a paraplegic, or a quadriplegic; or

(iii) *Eight years of age or younger;* and

(c) Such disability is known or reasonably should be known to the defendant.

(Emphases added.) HRS § 706–661(2) (1993) states that a defendant who "is an offender against [a] . . . minor under the age of eight [and] whose imprisonment for an extended term is necessary for the protection of the public" under HRS § 706–662(5), may be subjected to an extended indeterminate prison term of twenty years for a class B felony. HRS § 706–660.2 indicates that a mandatory prison sentence may be imposed in the following pertinent circumstance:

[A] person who, in the course of committing or attempting to commit a felony, causes the death or inflicts serious or substantial bodily injury upon a person who is:

. . .

(3) *Eight years of age or younger;*

**3.** In *State v. Schroeder,* 76 Hawai'i 517, 526 n. 13, 880 P.2d 192, 201 n. 13 (1994), the Hawai'i Supreme Court stated that " 'enhanced' sentences are more akin to 'extended' terms of imprisonment, for which provision is made in HRS §§ 706–661 (1985), 706–662 [ (Supp.1992) ], and

and such disability is known or reasonably should be known to the defendant, *shall, if not subjected to an extended term of imprisonment pursuant to section 706–662, be sentenced to a mandatory minimum term of imprisonment without possibility of parole* as follows:

. . .

(3) *For a class B felony—three years, four months* [.]

(Emphases added.)

The State and Defendant entered into a plea bargain and on September 11, 1995, Defendant entered a guilty plea to the charge of "Assault in the First Degree" in accordance with the plea bargain. The plea agreement stated, as the factual basis for the plea, that "[Defendant] attempted to spank [Complainant] . . . on his buttocks but hit him in the stomach instead, resulting in a serious injury to his pancreas." The plea agreement did not mention the omission to act provisions of HRS § 702–203(2) or the penalty provisions of HRS §§ 706–662(5) and –660.2. As indicated above, the factual statement in the plea agreement did not declare that Defendant struck a person of eight years of age or younger, an element required to invoke the penalty provisions for an offense against children in HRS §§ 706–662(5) and –660.2.

The other relevant terms of the plea agreement as stated in the guilty plea form were as follows:

Defendant agrees to plead guilty as charged. *The State agrees to recommend a sentence of five (5) years probation,* no further jail, credit for time already served, anger management, substance abuse assessment and treatment if necessary, and parenting classes. *State further agrees not to ask for enhanced sentencing.*[3]

(Emphases added)

On the guilty plea form, the section labeled "maximum indeterminate [prison] sentence"

706–664 [ (Supp.1992) ] . . ., than to mandatory minimum prison terms." The supreme court noted that the term "enhanced" is defined in *Black's Law Dictionary* "to mean 'made greater' and is deemed to be synonymous with 'in-

was marked as ten years, a sentence consistent with the provisions of HRS §§ 707–710(2) and 706–660. The section labeled "*extended* maximum indeterminate sentence" (emphasis added) was marked "n/a," apparently for "not applicable," signifying that an extended sentence was excluded under the terms of the plea bargain. The plea form also contained form language related to extended and mandatory sentences.[4]

The court minutes reflect that after the court questioned Defendant, the court "FOUND [DEFENDANT] VOLUNTARILY ENTER[ED] HIS PLEA OF GUILTY WITH THE UNDERSTANDING OF THE NATURE OF THE CHARGE AGAINST HIM AND THE CONSEQUENCES OF HIS PLEA."[5] On January 8, 1996, the court [6] sentenced Defendant, in accordance with the terms of the plea agreement, to a term of probation for five years with special conditions.[7] The January 8, 1996 Judgment of guilty conviction and probation sentence (the judgment) stated that the charge to which Defendant had pled guilty was Assault in the First Degree and that the court "adjudged that the Defendant has been *convicted and is guilty* as stated above." (Emphasis added.) No reference was made in the judgment to the penalty provisions of HRS §§ 706–662(5) and –660.2.

The judgment contained the following bolded and capitalized provision:

**ANY FAILURE BY YOU TO COMPLY WITH ALL OF THE TERMS AND CONDITIONS OF PROBATION WILL**

**MEAN THAT THE COURT CAN REVOKE YOUR PROBATION AND SENTENCE YOU TO PRISON, OR CHANGE OR ADD TO THE TERMS OF PROBATION.**

On January 23, 1996, Defendant signed the judgment and his signature was witnessed by a probation officer.

On August 12, 1998, the State filed a Motion for Revocation of Probation (the revocation motion) pursuant to HRS § 706–625. The affidavit of Debra Iijima (Iijima), Defendants' probation officer, attached to the revocation motion, contended that Defendant had violated his probation terms by failing to (1) "report at least once a month [for probation meetings] as instructed by his probation officer"; (2) "notify his probation officer prior to a change of address"; (3) "report[ ] any legitimate employment since [August 1996]"; (4) "provide monitored urine samples within two hours of instruction"; (5) "enter and remain in a drug/alcohol treatment program as instructed by the probation officer"; and (6) "refrain from the use of alcohol and illegal drugs." The revocation motion also asserted that, in violation of his probation terms and conditions, Defendant had drunk an alcoholic beverage in February 1996 and had used marijuana in October 1997. Iijima maintained that Defendant "violated said terms and conditions of probation[.]"

HRS § 706–625, which governs probation revocation proceedings, provides in pertinent part as follows:

---

creased.'" *Id.* (quoting *Black's Law Dictionary* 529 (6th ed.1990)).

4. The form language relating to extended and mandatory prison terms stated as follows:

> My lawyer has told me about the possible maximum indeterminate sentence indicated above for my offense. He also explained to me the possibility of my indeterminate maximum term of imprisonment being extended and explained that I may have to serve a mandatory minimum term of imprisonment without possibility of parole.

5. The transcript of the guilty plea hearing is not in the record.

6. Two judges actually presided over the proceedings below. The first judge presided over the

September 11, 1995 hearing on acceptance of the plea agreement and January 8, 1996 sentencing. That judge also accepted the September 11, 1995 plea agreement and signed the January 8, 1996 judgment of guilty conviction and sentence. The second judge presided over the September 15, 1998 and January 12, 1999 hearings on the motions for revocation of probation, reconsideration, extended term of imprisonment, and resentencing, discussed *infra*.

7. The special conditions included (1) reporting to a probation officer, (2) obtaining and maintaining gainful full-time employment, (3) submitting to drug and/or alcohol testing, (4) entering and remaining in a drug and/or alcohol treatment program when deemed necessary by the probation officer, and (5) refraining from possessing or consuming alcohol and/or illicit/unprescribed drugs/substances.

**Revocation, modification of probation conditions.** (1) The court, on application of ... the prosecuting attorney, ... after a hearing, may revoke probation, reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706–627.

. . .

(3) The court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order[.]

. . .

(5) When the court revokes probation, *it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted.*

(Emphasis added).

On September 3, 1998, the State also filed a Motion for Extended Term of Imprisonment (extended term motion), or in the Alternative, Motion for Mandatory Term of Imprisonment for Offenses Against Children (mandatory term motion). In the extended term motion, the State argued for the imposition of an indeterminate extended term of imprisonment of twenty years on the grounds that (1) "Defendant caused serious bodily injury to [Complainant]"; (2) "at the time of the incident, [Complainant] was eight (8) years of age or younger"; (3) "[s]uch [an age] disability was known or reasonably should have been known to Defendant"; and (4) "Defendant continues to use illegal substances while living with [Complainant.]" In the alternate mandatory term motion, the State requested an indeterminate term of imprisonment of ten years with a mandatory minimum prison term of three years and four months, pursuant to HRS § 706–660.2, on the grounds that (1) "Defendant caused serious bodily injury to [Complainant]"; (2) "at the time of the incident [Complainant] was eight (8) years of age or younger"; and (3) "[s]uch [an age] disability was known or reasonably should have been known to Defendant."

The revocation motion was heard on September 15, 1998. At the hearing, Defendant orally moved to withdraw his guilty plea (the motion to withdraw plea) on the ground that the State's motion for an extended or mandatory term breached the prior plea agreement. The court denied the motion on the ground that Defendant "got the benefit of his bargain."

Defendant then stipulated to the probation violations and the fact that he "reasonably believed" Complainant was eight years old or younger at the time of the assault. The court thereafter revoked Defendant's probation on the ground that Defendant "inexcusably failed to comply with a substantial term or condition of his probation." It asserted that revocation of probation would subject Defendant "to the full panoply of penalty [sic] provided by law under Chapter 706 *as well as the specific statutes cited by [the] State in their [sic] indictment.*" (Emphasis added.) Sentencing was continued to allow defense counsel time to respond to the extended term motion and mandatory term motion.

On September 24, 1998, Defendant filed a motion for reconsideration of the denial of the motion to withdraw plea (the reconsideration motion), arguing that "Defendant was provided no notice at the time of his change of plea, that he would ever be subject to a mandatory sentence of imprisonment, under HRS [§] 706–660.2." On January 12, 1999, a hearing was held on this motion and the extended term and mandatory term motions. The court denied the reconsideration motion and ruled that there was no "manifest injustice," reiterating that Defendant had received "the benefit of his bargain" in being granted probation in consonance with the plea agreement.[8]

The court also denied the State's extended term motion because it found Defendant was not a danger to the public. The State does not cross appeal the denial of the extended term motion. However, the court granted the State's alternative mandatory term motion because the court stated that it had "no discretion" and could not "do anything about

8. Hawaiʻi Rules of Penal Procedure Rule 32(d) provides that a defendant may be permitted to withdraw his plea of guilty after sentencing "to correct manifest injustice[.]"

it[.]" While the court did not explain why it felt that it had "no discretion[,]" it appears from the hearing transcript that the court relied upon the mandatory prison term provisions in HRS § 706–660.2. Accordingly, Defendant was resentenced at the hearing to an indeterminate term of imprisonment of ten years with a mandatory term of imprisonment of three years and four months. The court's decision was set forth in an Order of Resentencing and Revocation of Probation filed on January 12, 1999 (the resentencing order).

On appeal, Defendant requests that this court "allow him to withdraw his plea of guilty or in the alternative, remand his case for resentencing in accordance with the terms of the plea agreement."[9] We agree that the case must be remanded for resentencing but for the reason that the court erred in considering the aggravated penalty provisions cited in the indictment for purposes of resentencing. Upon resentencing, the question is not so much whether the plea bargain should be enforced, for the sentencing court need not accept the plea bargain at the time the guilty plea is received.[10] Rather, the issue is what guilty plea terms were accepted by the court in entering a judgment of conviction upon the plea.

## II.

■ It is not disputed on appeal that the revocation of Defendant's probation was proper. A sentencing court may revoke a defendant's probation and impose a new sentence if the defendant, who is granted probation, fails to abide by the terms of probation. *State v. Gamulo*, 69 Haw. 424, 425–26, 744 P.2d 1208, 1209 (1987); *State v. Viloria*, 70 Haw. 58, 60–61, 759 P.2d 1376, 1378 (1988). Thus, the supreme court has pointed out that

a violation of the terms of probation indicates that the probationer has not yet received the full rehabilitative benefit that probation is designed to induce. Therefore, in our view, the sentencing court has three alternatives. The court may (1) modify the terms of probation; (2) *revoke probation and sentence [the probationer] to imprisonment;* or (3) revoke probation and resentence [the probationer] to another term of probation.

*Id.* at 62, 759 P.2d at 1379 (emphasis added).

In its revocation motion, the State argued that revocation of Defendant's probation was appropriate because Defendant violated the express terms and conditions of probation. At the revocation motion hearing, Defendant admitted to the violations. Defendant does not dispute the court's finding that the violations constituted an inexcusable failure to comply with substantial conditions of probation. We conclude, then, that the court acted properly in revoking Defendant's probation.

## III.

### A.

■ In our view, however, the aggravating factors under HRS § 706–660.2 must be judicially established to support the imposition of a mandatory term sentence upon Defendant. *See State v. Schroeder*, 76 Hawai'i 517, 528, 880 P.2d 192, 203 (1994) (holding that the "aggravating circumstances" justifying the imposition of an enhanced sentence must be proved to support the sentence imposed); *State v. Gaylord*, 78 Hawai'i 127, 133 n. 12, 890 P.2d 1167, 1173 n. 12 (1995) ("[A] trial court may neither enhance a defendant's sentence based on an aggravating factor not established by the evidence nor punish a defendant for an uncharged crime in the belief that it too deserves punishment.") (cit-

9. Defendant argues that Plaintiff–Appellee State of Hawai'i (the State) breached its plea agreement when it filed its extended term motion and alternative mandatory term motion, the court abused its discretion in denying Defendant's motion to withdraw guilty plea and reconsideration motion, and the sentence imposed violated Defendant's due process rights.

10. HRPP Rule 11(e)(3) states that upon disclosure of any plea agreement, "the court shall not accept the tendered plea unless the defendant is informed that the court is not bound by such agreement, unless the court [had] agreed otherwise." *See e.g., Iaea v. Heely*, 69 Haw. 395, 397, 743 P.2d 456, 457 (1987) (holding that under HRPP Rule 11(e)(1) governing pleas, the circuit court has the jurisdiction to accept or reject the plea bargain where a plea involves a nolle prosequi of certain counts).

ing *State v. Valera*, 74 Haw. 424, 439–40, 848 P.2d 376, 383, *reconsideration denied*, 74 Haw. 650, 853 P.2d 542 (1993); *State v. Nunes*, 72 Haw. 521, 526, 824 P.2d 837, 840 (1992); *State v. Tachibana*, 67 Haw. 573, 580, 698 P.2d 287, 293 (1985)). As disclosed *supra*, the two facts that must be judicially established to invoke the mandatory sentencing provisions of HRS § 706–660.2 are that (1) Defendant inflicted "serious or substantial bodily injury" upon Complainant, and (2) Complainant was a child of "eight years or younger." Where trial is had, "a defendant may not be given an enhanced sentence on account of aggravating circumstances pursuant to a statute providing therefor unless … the statute's applicability has been determined by the trier of fact." *Schroeder*, 76 Hawai'i at 523, 880 P.2d at 198. *See also State v. Estrada*, 69 Haw. 204, 230, 738 P.2d 812, 829 (1987).

### B.

*State v. Tafoya*, 91 Hawai'i 261, 982 P.2d 890 (1999), like this case, involved allegations of aggravating circumstances under HRS § 706–662(5). There, the defendant allegedly struck an elderly man who lived in an apartment for elderly and disabled persons. *Id.* at 263, 982 P.2d at 892. After a jury trial and Defendant's conviction for assault in the second degree, the State "filed a motion to impose [a] sentence of extended term of imprisonment pursuant to HRS § 706–662(5)[.]" *Id.* at 266, 982 P.2d at 895. The sentencing court made the following findings of fact: "(1) that [the complainant] was sixty years of age or older at the time of the assault and (2) that [the defendant] knew or reasonably should have known this fact." *Id.* at 269, 982 P.2d at 898. Thereafter, the court granted the State's motion and the defendant received an extended prison term. *Id.* at 266, 982 P.2d at 895.

On appeal, the Hawai'i Supreme Court vacated the enhanced sentence and remanded the case for resentencing because there was no factual determination of the aggravated circumstances by the jury. *Id.* at 275, 982 P.2d at 904. The supreme court pointed out that "[t]he requisite findings that (a) [the complainant] was sixty years of age or older

and (b)[the defendant] knew or reasonably should have known this fact, necessary to support the imposition of an extended sentence pursuant to HRS § 706–662(5), were constitutionally required to be made by the jury." *Id.*

Similarly, in *State v. Fukusaku*, 85 Hawai'i 462, 487, 946 P.2d 32, 57 (1997), the trial court sentenced the defendant, who was convicted of two counts of second degree murder, to "two consecutive mandatory minimum terms of imprisonment … under HRS § 706–660.1 (1993)." The defendant argued on appeal that "the imposition of the mandatory terms … was dependent upon the existence of the aggravating circumstance of the use of a firearm" and that the mandatory sentence should be vacated or the case retried because the general verdicts rendered by the jury did not provide that such a finding was made. *Id.* at 488, 946 P.2d at 58. The Hawai'i Supreme Court agreed and vacated the mandatory sentence because it was "impossible to determine from the record, … whether the jury found that [the defendant] was the principal who killed [the victims] with a firearm or that he was an accomplice who aided the commission of the crime in some other way." *Id.* at 489, 946 P.2d at 59. *See also* Duca, *Casenotes,* 3 Haw. B.J. 18, 19, 36 (Sept.1999) (stating that "[w]here the prosecution seeks enhanced sentences for aggravating circumstances, the trial court should [be] encouraged to instruct the jury on the necessary findings by special verdict interrogatories").

### IV.

In the present case, however, the aggravating circumstances supporting a mandatory term would not be established by a trial fact finder because Defendant pled guilty. Such aggravating circumstances, then, would have to be (1) stated in the plea agreement, or (2) admitted or stipulated to by Defendant as part of his guilty plea. This is because the guilty plea identifies the charge to which Defendant admitted guilt and of which he was convicted. *See e.g. State v. Nelson*, 184 Mont. 491, 603 P.2d 1050 (1979) (holding that the lower court's denial of the defendant's motion to withdraw guilty plea to an aggra-

vated assault charge was erroneous because the defendant did not admit that he had committed such an offense and did not declare the facts on which his guilty plea was based); *United States v. Lawton*, 193 F.3d 1087, 1094 (1999) (recognizing that facts supporting an aggravated offense must be "specifically established" in the plea agreement or admitted by the defendant and, thus, holding that because "nothing in these plea agreements specifically establishes that either defendant committed aggravated assault" and defendants did not admit to such fact, aggravated assault was not established).

■ In this case, all of the aggravating circumstances supporting a mandatory prison term were never set forth in the plea agreement or admitted or stipulated to as part of the guilty plea. Nothing in the record indicates that Complainant's requisite age was factually established as part of Defendant's guilty plea. We recognize that at the revocation hearing and the resentencing hearing, defense counsel stipulated that Complainant was under the age of eight. At the resentencing hearing, the court "[found] beyond a reasonable doubt that [Defendant was] an offender against a minor under the age of eight." In resentencing Defendant, the court explained that

> at the time of the incident, [Complainant] was eight years of age.... And that disability ... was known or reasonably should have been know to [Defendant] at the time.... So the motion in the alternative for mandatory term of imprisonment for offenses against children is granted....

But Defendant's stipulations to Complainant's age did not alter the fact that there was no such statement, admission, or stipulation of this aggravating circumstance *at the time of the guilty plea*. We conclude then that there was an insufficient factual basis in the accepted guilty plea to support the mandatory prison term under HRS § 706–660.2.

### V.

Instead, the record reflects that Defendant pled guilty only to the charge of Assault in the First Degree and that the court accepted that plea. First, the guilty plea form expressly stated that the charged offense pled to was Assault in the First Degree.

Second, while the plea agreement made reference to the injury inflicted on Complainant by Defendant, the agreement made no reference to Complainant's age or the applicability of HRS § 706–660.2.

Third, the information on the guilty plea form confirms that Defendant's conviction did not involve the possibility of a mandatory term. Unless otherwise provided, the authorized dispositions for convicted defendants are probation, a fine, imprisonment, restitution, and/or community service. HRS § 706–605 (1993).[11] The maximum indeterminate prison sentence of ten years stated on the plea form is consistent with the sentence which may be imposed for a Class B felony such as Assault in the First Degree. *See* HRS §§ 707–710 and 706–660.

For a Class B felony, the court had the discretion under HRS § 706–620 (Supp.1994) to sentence Defendant to a term of probation, which the court originally chose to do.[12] The court also had the option, under HRS § 706–660, of sentencing "a defendant who has been convicted of a class B ... felony ... to an indeterminate term of imprisonment" of ten years.[13] There is a prescribed mandatory minimum term of imprisonment for a class B felony conviction if the defendant is adjudged a repeat offender under

---

11. HRS § 706–605 (1993) states that unless otherwise provided in HRS chapter 706, the court may sentence a convicted defendant to one or more of the following dispositions:

> (a) To be placed on probation as authorized by part II of this chapter;
> (b) To pay a fine as authorized by part III and section 706–624 of this chapter;
> (c) To be imprisoned for a term as authorized by part IV of this chapter;

> (d) To make restitution in an amount the defendant can afford to pay; ... or
> (e) To perform services for the community....

12. Further, HRS § 706–640 (Supp.1999) provides that the court can sentence the defendant to pay a fine not exceeding "$25,000, when the conviction is of a class B felony[.]"

13. *See supra* note 2.

HRS § 706–606.5 (Supp.1999).[14] However, there is no indication in the record that Defendant was a repeat offender.

Fourth, Defendant could not have been sentenced to a five-year probationary term as he was, if all the aggravating circumstances described in HRS § 706–660.2 had been part of the guilty plea. Had Complainant's age been established as part of the guilty plea which was accepted, Defendant would have had to be sentenced to a mandatory prison term. Defendant confirms in his reply brief that "the court could not have imposed the mandatory minimum term sentence of three years and four months under HRS § 706–660.2 because the requisite factual finding that the [C]omplainant was under eight years of age was never established."

Fifth, if the eight-year-old aggravating circumstance was established at the time of the guilty plea, there obviously would have been no need to stipulate to that fact at both the revocation hearing and the resentencing hearing.

Finally, the State agrees in its answering brief that the mandatory sentencing provision was not applicable in the original sentencing proceedings because "Defendant's guilty plea was entered with the understanding that, (1) this statute[, HRS § 706–660.2,] would not be operative in his particular case, or (2) that this provisions [sic] ... are [sic] not mandatory, or both." As part of the plea bargain, the State obviously agreed to drop its aggravated sentencing claims in exchange for a plea of guilty by Defendant to a charge from which the extended and mandatory term components had been jettisoned. Thus it is not controverted that the offense as to which Defendant pled guilty and, thus, was *convicted,* was Assault in the First Degree only.

## VI.

■ As shown above, HRS § 706–625 provides that upon revocation of probation, the court may impose any sentence which it might have originally imposed "for the crime of which the defendant was convicted." Under the plain language of HRS § 706–625, then, the court's sentencing alternatives were limited to those available for the crime for which Defendant was convicted pursuant to his guilty plea, not to those which would have been available had he been convicted under the allegations of the indictment. Upon revocation of probation, a trial court's options in resentencing a defendant are guided by HRS § 706–625. The "only limitation placed on the sentencing court's discretion is ... subsection (e) of § 706–625," which confines the choice of sentencing alternatives to those provided for the offense of which the defendant was convicted. *Gamulo,* 69 Haw. at 425–26, 744 P.2d at 1209 (citing HRS § 706–625(e)). The term "convicted" in the context of HRS § 706–625(e) would appear to include the "ascertainment of guilt by [a] guilty plea." *Cf. State v. Akana,* 68 Haw. 164, 167, 706 P.2d 1300, 1303 (1985).[15] However, in

---

14. The repeat offender statute under HRS § 706–606.5 (Supp.1999) provides for the following mandatory sentences for a repeat offender convicted of a class B felony:

   (a) One prior felony conviction ... three years, four months;

   ...

   (b) Two prior felony convictions ... six years, eight months;

   ...

   (c) Three or more prior felony convictions ... ten years;

HRS § 706–606.5(2) further provides that "a person shall not be sentenced to a mandatory minimum period of imprisonment under this section unless the instant felony offense was committed ... [w]ithin ten years after a prior felony conviction where the prior felony conviction was for a class B felony[.]"

15. In *State v. Akana,* 68 Haw. 164, 706 P.2d 1300 (1985), the Hawai'i Supreme Court construed the term "convicted" as used in the context of HRS § 706–628, the precursor to HRS § 706–625(e). The supreme court explained that "[t]he meaning of the term 'convicted' or 'conviction' varies according to the context in which it appears and the purpose to which it relates." *Id.* at 166–67, 706 P.2d at 1303 (citations omitted). It noted that "[t]he word 'conviction' is more commonly used and understood to mean a verdict of guilty *or a plea of guilty* [and t]he more technical definition includes the judgment or sentence rendered pursuant to an ascertainment of guilt." *Id.* at 167, 706 P.2d at 1303 (citations omitted) (emphasis added). The supreme court ultimately held "that *'convicted'* as used in HRS § 706–628 *means the ascertainment of guilt by guilty plea,* or by verdict, and does not mean a judgment of conviction[.]" *Id.* (emphases added).

this case, the court asserted that resentencing would extend beyond the charge of which Defendant had been convicted and subject him "to the full panoply of penalty [sic] provided by law" including "*the specific statutes cited by [the] State in their [sic] indictment.*" (Emphasis added.) In our view the court's statement was in error and, thus, for the reasons previously set forth, its imposition of the mandatory term must be set aside.

## VII.

In sum, Defendant did not plead to and thus was not convicted of the aggravated version of Assault in the First Degree. Because Defendant was not originally convicted of this version of the offense, he could not be sentenced as if he were originally convicted of Assault in the First Degree with aggravating circumstances. The judgment stated that Defendant had pled guilty to the assault charge and it had been "adjudged" that Defendant was "convicted and is guilty" of that charge. The crime for which Defendant pled to and was *convicted of* was the offense of Assault in the First Degree only. *See Akana*, 68 Haw. at 166–67, 706 P.2d at 1303–04; HRS § 706–625(e). Since Defendant's plea was devoid of reference to all necessary aggravating circumstances, Defendant may not be sentenced under the mandatory sentencing provisions of HRS § 706–660.2.[16]

Under the facts, it is apparent that the bargain struck between Defendant and the State was, on one hand, to permit Defendant

to plead to a reduced charge in order to avoid any aggravated penalties, and on the other hand, to allow the State to forego a trial and to obtain a certain conviction. Sentencing under HRS § 706–660.2 was foreclosed under the terms of the accepted guilty plea. Defendant could only be sentenced under the options available for the offense for which he was convicted. Upon conviction for Assault in the First Degree, the maximum prison term available was for an indeterminate ten-year one. Therefore, we hold the court was wrong in resentencing Defendant to an indeterminate ten-year sentence with a mandatory minimum term of three years and four months under HRS § 706–660.2.

## VIII.

The remainder of Defendant's arguments are rendered moot by our disposition herein, which, in effect, enforces the terms of the plea bargain, as reflected in the accepted guilty plea. Accordingly, we vacate the sentence set forth in the court's January 12, 1999 resentencing order and remand the case for resentencing consistent with this opinion.[17]

HRS § 706–628 (1984), which was repealed in 1985, provided in full as follows:

**Revocation of probation or suspension of sentence; resentence.** (1) At any time before the discharge of the defendant or the termination of the period of probation [or] suspension of sentence, the court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or if the defendant has been convicted of another crime, may, but if convicted of a felony, shall, revoke the suspension or probation and sentence or resentence the defendant, as provided in subsection (2).

(2) When the court revokes a suspension or probation, it may impose on the defendant *any*

*sentence that might have been imposed originally for the crime of which he was convicted.* (Emphasis added.)

16. While the State did not cross appeal from the court's denial of its extended term motion, that motion would suffer from the same infirmity as the mandatory term motion.

17. Because the court believed it had no discretion in choosing the sentence to be imposed other than to sentence Defendant as it did, we remand the case to the court for resentencing to allow it to exercise its discretion within the bounds permitted under the sentencing statutes.