34 P.3d 1034

STATE of Hawai'i, Plaintiff–Appellee,

v.

Habib SHABAZZ, also known as "Rahman", Defendant–Appellant.

No. 23590.

Intermediate Court of Appeals of Hawai'i.

Oct. 4, 2001.

Harry Eliason, on the briefs, for Defendant–Appellant.

Craig T. Masuda, Deputy Prosecuting Attorney, County of Hawai'i, on the briefs, for Plaintiff–Appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Habib Shabazz, also known as "Rahman" (Shabazz), appeals the

June 13, 2000 Order of Resentencing, entered by Third Circuit Court Judge Riki May Amano, sentencing Shabazz to imprisonment "for a term of not more than TEN YEARS with credit for time served." We affirm.

In this opinion, we discuss the issues presented when the following events occurred in the following sequence: (1) for his first offense (felony), Judge Amano deferred acceptance of Shabazz's no contest plea for a period of three years subject to explicit conditions; (2) Shabazz (a) violated the conditions of the deferral of his no-contest plea (i) by being convicted of his second offense (misdemeanor), and (ii) in other ways, and (b) allegedly committed his third offense (felony); (3) in consideration of 2(a) but not (b) above, Judge Amano revoked Shabazz's probation and resentenced him to incarceration for ten years; (4) Judge Amano reconsidered (3) above and resentenced Shabazz to probation for five years subject to terms and conditions including one year in jail; (5) Shabazz was convicted of the third offense (felony) alleged in (2)(b) above and sentenced by Judge Sandra A. Simms to probation for five years subject to terms and conditions including one year in jail; and (6) in consideration of Shabazz's having been convicted of his third offense (felony) alleged in (2)(b) above, Judge Amano revoked Shabazz's probation and resentenced him to incarceration for a term of not more than ten years with credit for time served.

## BACKGROUND

Shabazz was born on May 27, 1977.

On September 15, 1995, Plaintiff–Appellee State of Hawai‘i (the State) charged Shabazz with having committed the following offenses on or about September 14, 1995: Count I charged him with Burglary in the First Degree, Hawaii Revised Statutes (HRS) § 708–810(1)(c); and Count II charged him with Attempted Theft in the Second Degree, HRS §§ 705–500(1)(b), 708–830(2), and 708–831(1)(b).

On November 28, 1995, Shabazz pled no contest to Count I, and the State agreed to dismiss Count II with prejudice and to a sentence of probation for a period of no more than five years upon the condition of imprisonment of no more than sixty days. We will hereinafter refer to this conviction of Burglary in the First Degree as the "First Conviction." On March 6, 1996, Judge Amano entered an Order Granting Motion for Deferred Acceptance of No Contest Plea. The deferral period was for three years and the deferral was subject to express special conditions.

On March 11, 1996, the State filed a Motion for Nolle Prosequi With Prejudice of Count II.

On October 21, 1998, Shabazz allegedly committed a Sexual Assault in the Second Degree.

On February 24, 1999, the State filed a Motion to Set Aside Deferred Acceptance of No Contest Plea, to Adjudicate Guilt and to Resentence and Application for Warrant of Arrest. The motion was based on the following alleged facts: (1) Shabazz was convicted on August 25, 1998, of Criminal Trespass in the First Degree; (2) Shabazz failed to meet with his probation officer on five specified dates; (3) Shabazz failed to report any change(s) of address to his probation officer; and (4) Shabazz admitted to smoking marijuana on four specified dates and to consuming beer on one specified date. On eleven specified dates his urine samples evidenced cannabinoid. The August 25, 1998 conviction of Criminal Trespass in the First Degree is the "Second Conviction."

On March 18, 1999, Judge Amano sentenced Shabazz to incarceration for ten years.

On and effective June 14, 1999, Judge Amano entered an Order Granting Motion to Reconsider Sentence and an Order of Resentencing, placing Shabazz on probation for five years subject to terms and conditions, including a one-year jail term.

On May 23, 2000, the State filed its Motion for Revocation of Probation and to Resentence and Application for Warrant of Arrest. The motion was based on the fact that, on May 9, 2000, Shabazz had been found guilty of and sentenced for the crime of Sexual Assault in the Second Degree committed on October 28, 1998. We will hereinafter refer to this conviction of Sexual Assault in the Second Degree as the "Third Conviction."

On June 6, 2000, Judge Amano entered an Order Granting Motion for Revocation of Probation and Resentence. On June 13, 2000, Shabazz filed a memo requesting that he be sentenced to probation and noting that, for the Third Conviction, Circuit Judge Sandra A. Simms sentenced him to five years' probation subject to conditions, including one year in jail, mental health treatment, and sexual offender treatment.

At the hearing on June 13, 2000, for the resentencing for the First Conviction, Judge Amano was advised that the professional evaluation of Shabazz's probation officer was "that Mr. Shabazz is not probationable at this time." During the hearing, Judge Amano stated, in relevant part, as follows:

THE COURT: When we resentenced Mr. Shabazz a year or so ago we did not have that conviction and I didn't consider his—the charges in the First Circuit that were pending at the time in my evaluation of the case when I resentenced him to the ten years in prison and reconsidered that sentence three months later.

Now we have this conviction, and in my mind we're—where we're at is where we would have been a year ago had we had the conviction for activity that occurred while on the deferral period—supervision period, so—which I could not consider before. I did not consider before. I treated—I treated him independently. Frankly, if he'd been acquitted in the First Circuit the reconsideration would have taken care of everything. So I will—would say I isolated my treatment of this case to the activity or criminal activity in CR. 95–346, this case. But now we have a conviction for an entirely separate kind of crime.

And that's the way I'm looking at it. I see it independently from what Judge Simms did or did not do. It's her decision. She independently makes her own call. I don't know what—whether she referred to this matter or not. I am not going to consider her decision. That's—that's her decision. I know that she would have studied the situation, made her decisions based on factors that she saw and based on the crime that was committed before her.

I've got a burglary in front of me. Now I have a separate sexual assault conviction that occurred while Mr. Shabazz was on supervision in this—in this case, this burglary case. That's what I'm dealing with.

. . . .

THE COURT: ... I am dealing with the conviction as it affects my sentence of you effectively back in 1996 when I gave you the deferral.

. . . .

THE COURT: At that time, . . . , I know that you were not convicted of any crime of sexual assault in the second degree at that time. I could not consider it and did not consider it. I resentenced you in 1999 based on what was before me. Just like what I am doing right now.

. . . .

THE COURT: . . . .

And now, Mr. Shabazz, if you are ready to turn your life around I am happy for you, but for purposes of this resentencing I feel that I have no choice but to sentence you to prison. I trusted you. You went out and hurt somebody.

That's what ... I am relying on right now. It doesn't mean you are not going to turn your life around. You may do that. I hope you do. But you have a lot to pay back. And all of this talk about how you're suffering, people say things about you, people look at you, people don't trust you, you brought that on yourself and it's time you start focusing on the harm that you caused to a lot of people, including your own family.

After the hearing, Judge Amano entered an Order of Resentencing on June 13, 2000, sentencing Shabazz to imprisonment "for a term of not more than TEN YEARS with credit for time served." The order noted "that [Shabazz] has been convicted of a new crime."

On June 28, 2000, Shabazz filed Defendant's Motion for Reconsideration of Judgment and Sentence. This motion has not been heard [1] or decided.

---

1. Hawai'i Rules of Penal Procedure Rule 35 states, in pertinent part, that "[t]he filing of a notice of appeal shall not deprive the court of

On July 12, 2000, Shabazz filed a Notice of Appeal of the June 13, 2000 Order of Resentencing.

## POINTS ON APPEAL

Although statutorily required by HRS § 706–625(3) to revoke Shabazz's probation imposed for the First Conviction, the court was authorized to resentence Shabazz to probation. *State v. Gamulo*, 69 Haw. 424, 744 P.2d 1208 (1987).

Shabazz contends that the court,

although statutorily required to revoke probation, abused its discretion in resentencing [Shabazz] to ten years imprisonment because it failed to consider the facts and circumstances that lead the Honorable Sandra Simms in the First Circuit to sentence [Shabazz] to probation for the offense of Sexual Assault in the Second Degree in the First Circuit.

Specifically, Shabazz contends that Judge Amano ignored (1) the factors that led Judge Simms to believe that Shabazz was probationable and (2) the fact that after Judge Amano

had imposed probation in June of 1999, [Shabazz] had not had the opportunity to fulfill the terms and conditions imposed as he was being held on the sex assault charges in the First Circuit which had allegedly occurred in October of 1998. Thus, he was not in a position to show the court that he could lead a law abiding life and seek the counseling he needed. As the information during the hearing indicated, he had strong support in his family and friends and he had experienced a turn around for the better while incarcerated. Shabazz

respectfully requests that this Honorable Court vacate the sentence . . . for abuse of discretion and re-sentence [Shabazz] to probation; alternatively, [Shabazz] requests that this Honorable Court remand this case back to [the circuit court] and require that the court consider the facts and circumstances which lead [sic] Judge Simms . . . to impose probation . . . instead of a term of imprisonment for five years.

jurisdiction to entertain a timely motion to re-

## DISCUSSION

■ The first question is whether, on March 18, 1999, when Judge Amano sentenced Shabazz to incarceration for ten years, and when, on June 14, 1999, Judge Amano entered an Order Granting Motion to Reconsider Sentence and an Order of Resentencing, placing Shabazz on probation for five years subject to terms and conditions, including a one-year jail term, Judge Amano was right in not considering the allegation that on October 21, 1998, Shabazz committed a Sexual Assault in the Second Degree. The answer is yes.

In *Williams v. New York*, 337 U.S. 241, 244, 69 S.Ct. 1079, 93 L.Ed. 1337, 93 L.Ed. 1337 (1949), the United States Supreme Court concluded that the due process rights of Williams were not violated when the judge who imposed the death sentence considered

the experience [Williams] had had on thirty other burglaries in and about the same vicinity' where the murder had been committed. [Williams] had not been convicted of these burglaries although the judge had information that he had confessed to some and had been identified as the perpetrator of some of the others.

In *United States v. Grayson*, 438 U.S. 41, 55, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), the United States Supreme Court stated that

we are reaffirming the authority of a sentencing judge to evaluate carefully a defendant's testimony on the stand, determine—with a consciousness of the frailty of human judgment—whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society.

In Maryland, the cases "make clear that sentencing judges . . . may consider the criminal conduct of a defendant even if there has been no conviction." *Smith v. Maryland*, 308 Md. 162, 169, 517 A.2d 1081, 1085 (1986). "[A] sentencing judge may properly consider uncharged or untried offenses." *Id.* at 172, 517 A.2d at 1086.

duce a sentence."

It is almost, if not universally, held that opprobrious or kindly and commendable action of the part of a convict may be considered in sentencing as a matter either of aggravation or mitigation of possible punishment. It would be a strange holding, indeed, to rule that opprobrious conduct not amounting to a crime may be considered in sentencing, but more offensive action cannot, merely because it amounted to a crime of which the convict may, or may not, thereafter be convicted. *Id.* at 168, 517 A.2d at 1084 (citing *Purnell v. State,* 241 Md. 582, 585, 217 A.2d 298, 300 (1966)).

A listing of the numerous states agreeing with the Maryland view is contained in the *Smith v. Maryland* opinion at 172–74, 517 A.2d at 1087. Only *Ture v. State,* 353 N.W.2d 518 (Minn.1984), and *Newby v. State,* 161 Ga.App. 805, 288 S.E.2d 889 (1982), are listed as disagreeing with the Maryland view. *Smith* at 174, 517 A.2d at 1087.

In *Smith v. Maryland,* the case of *State v. Murphy,* 59 Haw. 1, 575 P.2d 448 (1978), is listed as being in support of the Maryland view. *Smith* at 173, 517 A.2d at 1087. We conclude that the Maryland court misinterpreted *Murphy.* In *Murphy,* for the following two reasons, Murphy argued that the sentencing court was not entitled to consider two police arrest reports relating to Murphy's prior arrests for burglary and harassment: "first, the arrest reports were not contained in the pre-sentence report compiled by the Adult Probation Office, and, second, [Murphy] was denied the opportunity to examine and controvert the arrest reports." *Murphy* at 20, 575 P.2d at 461. The Hawai'i Supreme Court decided that both reasons lacked merit. The court did not decide the question whether the sentencing court's consideration of the two police arrest reports violated Murphy's constitutional right not to be sentenced for alleged offenses of which he had not been convicted.

Subsequent to *Murphy,* in the following quote, the Hawai'i Supreme Court clearly stated its disagreement with Maryland's majority view:

In *State v. Tachibana,* 67 Haw. 573, 698 P.2d 287 (1985), this court held that a trial court could not enhance a defendant's sentence based on an aggravating factor not established by the evidence. *Id.* at 580, 698 P.2d at 293. More recently, in *State v. Nunes,* 72 Haw. 521, 824 P.2d 837 (1992), we held that a judge cannot punish a defendant for an uncharged crime in the belief that it too deserves punishment. An adjudication of guilt is required before a sentence may be imposed. *See, e.g.,* Hawaii Rules of Penal Procedure Rule 32(a).

*State v. Valera,* 74 Haw. 424, 439–40, 848 P.2d 376, 383, *reconsideration denied,* 74 Haw. 650, 853 P.2d 542 (1993).

■ The second question is whether it was within Judge Amano's discretion to be influenced by the Third Conviction when she resentenced Shabazz on June 13, 2000, for the First Conviction. The answer is yes.

■ The third question is whether the following argument is has any merit.

As the defense argued, in imposing probation in the First Circuit Court, Judge Simms had before it [sic] all of the facts and circumstances that lead [sic] her to believe that [Shabazz] was probationable and would not commit any further crimes. Yet the lower court herein ignored this and resentenced [Shabazz] to imprisonment. As the court itself acknowledged, [Shabazz] had not had the opportunity to fulfill any of the terms and conditions it had previously imposed when it resentenced [Shabazz] to probation.

Although it is widely recognized that a sentencing court is afforded wide latitude in relying on information submitted to the court in order to determine a fit penalty, the court herein chose to ignore information that had persuaded Judge Simms to impose probation in the First Circuit Court case. Judge Simms had before her a Sexual Assault conviction and despite its gravity, still chose to impose probation. Instead of determining the basis for this decision, the court herein chose to ignore the possible positive information that had been submitted to Judge Simms. As a result, [Shabazz] was deprived of the opportunity to present favorable information to justify reimposition of probation herein. The lower court's actions therefore constituted an abuse of discretion warranting either the reimposition of probation, or

alternatively, a remand with instructions to the lower court to consider the information justifying Judge Simms' imposition of probation.

The answer is no. Shabazz was not deprived of any opportunity to present favorable information. Judge Amano stated that she was not "going to consider [Judge Simms'] decision." Judge Amano did not state that she was not going to consider the information in the record. Judge Amano did not ignore (a) information that had persuaded Judge Simms to impose probation in the First Circuit Court case or (b) the possible positive information that had been submitted to Judge Simms. Judge Amano considered but was not persuaded by the information.

The fourth question is whether it was within Judge Amano's sentencing discretion to impose a sentence more severe than the sentence imposed by Judge Simms. The answer is yes. Judge Amano was not required to impose the same sentence as did Judge Simms. The standard of appellate review is "plain and manifest abuse of discretion[.]" *Keawe v. State*, 79 Hawai'i 281, 284, 901 P.2d 481, 484 (1995).

As noted by Shabazz, "Judge Simms had before it [sic] all of the facts and circumstances that lead her to believe that [Shabazz] was probationable and would not commit any further crimes." These same facts and circumstances did not lead Judge Amano to believe that Shabazz was probationable and would not commit any further crimes. In light of the various failures by Shabazz to comply with the conditions of Judge Amano's March 6, 1996 Order Granting Motion for Deferred Acceptance of No Contest Plea to Burglary in the First Degree, especially his commission of a Sexual Assault in the Second Degree during the three-year deferral period, Judge Amano's decision is reasonable.

The fifth question is whether the sentence ultimately imposed on Shabazz for the First Conviction was an abuse of the sentencing court's discretion. In light of the record, and HRS §§ 706–660 (sentence of imprisonment for class B and C felonies; ordinary terms) and 706–621 (1993) (factors to be considered in imposing a term of probation), we conclude that Judge Amano did not abuse her discretion when she entered the June 13, 2000 Order of Resentencing granting the State's May 23, 2000 motion and sentencing Shabazz to imprisonment "for a term of not more than TEN YEARS with credit for time served."

We note that Judge Amano did not sentence Shabazz to ten years in prison. Judge Amano sentenced Shabazz to imprisonment "for a term of not more than TEN YEARS with credit for time served." Pursuant to HRS § 706–660 (1993), "[t]he minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706–669."

## CONCLUSION

Accordingly, we affirm the circuit court's June 13, 2000 Order of Resentencing granting the State's May 23, 2000 motion and sentencing Shabazz to imprisonment "for a term of not more than TEN YEARS with credit for time served."